## THE STATE v. KNOWLES.

1. **Intoxicating Liquours**: UNLAWFUL SALE BY REGISTERED PHARMA-
CIST. Where a registered pharmacist sold a pint of whisky to a stranger upon his mere statement that he wanted it for medicine, it was held that the court could well have found the liquor was sold as a beverage, in violation of the pharmacy law of 1880; and that a judgment of conviction would not be disturbed.

2. ——: ————. JURISDICTION OF JUSTICE OF THE PEACE. A prosecution under the pharmacy law of 1880, for the sale of intoxicating liquors as a beverage, is within the jurisdiction of a justice of the peace.

*Appeal from Poweshiek District Court.*

### WEDNESDAY, MARCH 22.

An information was filed before a justice of the peace charging that the defendant sold to W. Cullison intoxicating liquor. The defendant was convicted by the justice and appealed to the District Court, where he was again convicted, and appeals to this court.

*John F. Lacey* and *T. C. Reed*, for appellant.

*Smith McPherson, Attorney-general* for the State.

SEEVERS, CH. J.—The trial was had before the District Court without the intervention of a jury, upon an agreed statement of facts. No objection is made to the manner the case was tried in the District Court. The principal error relied on, in substance, is that the court erred in finding the defendant guilty under the facts agreed upon. The stipulation is as follows:

"1st. The defendant is a physician and registered pharmacist, and runs and keeps a drug store at Searsboro, in said county.

"2d. That on or about the 18th day of May, 1881, one William Cullison, a stranger to the defendant, called at defendant's drug store and asked if they had whisky. The defendant said they had. Cullison then said he wanted a pint. The defendant told him he was

not allowed to sell it except for medicine. Cullison replied that he needed it for medicine, that he was accustomed to taking it, and wanted it for medicine.

"The defendant then sold him one pint of whisky and he signed his name on a book kept by the defendant, showing that he got a pint of whisky for medicine. Said Cullison had no prescription from any physician. The defendant did not examine him or prescribe whisky for him, but simply sold it to him on his statement that he wanted it for medicine, in response to the defendant's statement that he could not sell it except for medicine.

"The only question is whether such a sale is in violation of law, or whether the pharmacy law authorizes or makes such sales lawful.

"The State claims it was merely an evasion of the law, or an attempt at evasion of the law, for the suppression of the unlawful sale of intoxicating liquors. The defendant claims that under the pharmacy law he has the right to sell whisky to any one who calls for it and says it is for medicine, unless he has reason to know that it is wanted for an improper purpose."

In 1880 the General Assembly passed an act to "regulate the practice of pharmacy and the sale of medicines and poisons." Miller's Code, page 950. It provides that registered pharmacists and "apothecaries　*　*　* shall have the right to keep and sell under such restrictions as herein provided all medicines and poisons authorized by the National American or United States dispensatory and pharmacopœi as of recognized medicinal utility." It is, however, further provided it shall not be "lawful for any licensed or registered druggist or pharmacist to retail, or sell, or give away, any alcoholic liquors or compounds as a beverage."

Previous to and at the time of the passage of the foregoing act the sale of intoxicating liquors was absolutely prohibited except by a person duly licensed for that purpose.　Code, § §

1523, 1526, 1540. It is insisted the act of 1880 repeals, or is so in conflict with the foregoing sections that the same, as to druggists, cannot be enforced, and that druggists now have the right to sell intoxicating liquor to any person who purchases the same for and as medicine; the argument being that the several dispensatories mentioned in the statute recognize such liquors as being of " medicinal utility," and therefore express power is conferred on druggists to sell the same. Conceding this to be so it is equally certain druggists cannot sell intoxicating liquors as a beverage. This being so, we turn to the agreed statement of facts, and therefrom conclude this was left a debatable or unsettled question to be determined by the jury, or rather, in this case, by the court. Certain facts are agreed upon which it may be said tend to show the liquor was sold as medicine, but the ultimate fact, whether sold as a beverage or medicine, is not agreed upon, but left open to be determined from the evidence, that is, facts agreeed on.

We incline to think, it is true, liquors might be prescribed by a physician, and yet the circumstances surrounding the transaction might be such as to warrant the jury in concluding the liquor was sold as a beverage. Conceding a person may prescribe for himself and lawfully determine he should take intoxicating liquors as medicine, and that a druggist in such case may lawfully sell such liquor, it does not follow that it is always so prescribed or sold. It is undoubtedly true, the claim that it is taken as and sold as medicine may be a subterfuge, and that while in form sold as medicine, it was in fact a beverage, and so understood by both buyer and seller. The druggist must act in good faith, and the mere fact that a person says he wants intoxicating liquors as medicine will not exonerate the druggist, if the circumstances are such as to warrant the court or jury in concluding that in truth and in fact it was sold as a beverage. We have no means of knowing upon what ground the court below proceeded. But we are of the opinion that under the agreed facts the court could well

have found the liquor was sold in fact as a beverage, and, therefore, under the settled practice, we cannot interfere with such finding.

It is urged the act of 1880 prescribes that the penalty for a violation of its provisions may be a fine of one hundred dollars, and for "repeated violations" the name of the offender shall be stricken from the register.

2. ——: ——: jurisdiction of justice.

It is urged that a justice cannot fine an offender in a greater sum than one hundred dollars, and, therefore, because of the additional penalty, the justice of the peace did not have jurisdiction of this prosecution. We think this claim is unsound, because the justice did not have the power to strike the name of the defendant from the register. Besides this, this offense is the first violation of the act committed by the defendant.

AFFIRMED.