## THE STATE v. AULMAN et al.

1. **Intoxicating Liquors:** PERMIT TO BREWER UNDER CODE, SEC. 1526 : REPEAL BY CHAP. 83, LAWS OF 1886 : CONSTITUTIONALITY. Defendants, who were brewers, obtained a permit in November, 1885, to manufacture and sell intoxicating liquors for mechanical, medicinal, culinary and sacramental purposes only, for one year from the date thereof. *Held* that their right to sell for *medicinal* purposes was taken away on the eighth day of April, 1886, when chapter 83, Laws of 1886, went into effect, whereby the right to sell such liquors for medicinal purposes was vested exclusively in registered pharmacists ;—the effect of said chapter being to repeal by implication so much of section 1526 of the Code as allowed others than registered pharmacists to sell such liquors for medicinal purposes. And *held*, further, that such construction of said chapter, entitled "*An act to amend chapter* 75," etc., etc., "*relating to the practice of pharmacy*," does not make it repugnant to section 29, article 3, of the constitution, providing that "every act shall embrace but one  subject, and matters properly connected therewith, which subject shall be expressed in the title," although section 1526 of the Code is not referred to in the title of the act as one of the statutes to be amended thereby.

2. **Instructions:** AS TO EFFECT OF PARTICULAR EVIDENCE. Where the jury is charged to consider all facts proved in deciding a point in issue, it is not error to refuse to instruct as to the bearing upon that point of certain facts which the evidence tends to prove.

The State v. Aulman.

3. ———— : EVIDENCE TO WARRANT : GOOD FAITH IN SALE OF LIQUORS. In this case defendants objected to an instruction directing the jury, in deciding whether sales of liquors by defendant were lawful, to take into consideration the habits of the purchasers as to the use of liquors as a beverage, as known to the seller. The ground of the objection was that there was no evidence to support the instruction. But *held* that the facts of the case (see opinion) furnished ample ground for the instruction.

4. **Intoxicating Liquors** : UNLAWFUL SALES : FINES. For a flagrant violation of the law in the sale of intoxicating liquors, a fine of one thousand dollars will not be reduced in this court as excessive.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, JANUARY 23, 1889.

DEFENDANTS were indicted and tried for the crime of nuisance, alleged to have been committed in Polk county between the eighth day of April and the twenty-second day of May, 1886. They were found guilty, and each was adjudged to pay a fine of one thousand dollars, and costs. From that judgment they appeal.

*Cummins & Wright,* for appellants.

*A. J. Baker,* Attorney General, for the State.

ROBINSON, J.—I. On the eleventh day of November, 1885, the board of supervisors of Polk county granted to defendants a permit to manu-

I. INTOXICATING liquors: permit to brewer under Code, sec. 1526-: repeal by chap. 83, laws of 1886: constitutionality,

facture and sell intoxicating liquors for mechanical, medicinal, culinary and sacramental purposes only, for the term of one year from that date. Defendants were engaged in the business of making and selling beer. On the trial of the cause below, the court charged the jury, in effect, that defendants had no right to sell intoxicating liquors for medicinal purposes during the time covered by the indictment. Of that the appellants complain. The law, as it existed when the permit was granted, authorized it to be issued for all the purposes therein named; but it is contended by appellee that the right of the holder of such a permit,

VOL. 76—40

who was not a duly registered pharmacist, to sell intoxicating liquors for medicinal purposes, was taken away by chapter 83 of the Acts of the Twenty-first General Assembly. Appellants insist that the act named did not affect their right to make and sell intoxicating liquors for all the purposes named in their permit. This must be conceded to be true, unless such right was affected by necessary implication, for the reason that the act does not contain any repealing clause. It does not, in terms, refer to section 1526 of the Code, but its second section enacts a substitute for section 8, chapter 75, . Acts Eighteenth General Assembly, which contains a provision as follows: "Pharmacists whose certificates of registration are in full force and effect shall have the sole right to keep and to sell, under such regulations as have been or may be established from time to time by the commissioners of pharmacy, all medicines and poisons, including intoxicating liquors, only for the actual necessities of medicine." The meaning of this is not doubtful. It was evidently designed to give to the pharmacists named the exclusive right to keep and sell intoxicating liquors for medicinal purposes. No other interpretation is admissible. The substituted section from which we have quoted further provides that, before pharmacists can lawfully sell intoxicating liquors for medicinal purposes, they must procure a permit, as therein prescribed. The requirements presented are not the same as those required to obtain a permit under section 1526 of the Code. We cannot think that it was the intent of the general assembly to adopt one set of requirements for the distiller or brewer, and another for the pharmacist, to obtain a permit, if the permit was designed to authorize each to sell intoxicating liquors for the same purpose. The amendments adopted by the act in question were of a character to prevent the sale of intoxicating liquors to be used as a beverage, rather than to secure the public against their improper use as a medicine by reason of the ignorance of the pharmacist.

It is said on the part of the appellants that the act

of 1886 did not affect their right to manufacture intoxicating liquors for medicinal purposes, and that such right would be a barren one unless accompanied by the right to sell, and that, since repeals by implication are not favored, the proper construction of the law, as amended by the act of 1886, would give to those who obtain permits under section 1526 of the Code, the right to sell intoxicating liquors for medicinal purposes, and to pharmacists who obtain a permit under the act of 1886 a right to sell for the actual necessities of medicine. It seems to us that the distinction sought to be drawn is more fanciful than real. It may be that it would have been wise to allow persons holding a permit under section 1526 to sell intoxicating liquors to pharmacists who were authorized to sell it for medicinal purposes, but with that question we have nothing to do. Under the act of 1886 pharmacists alone have the right to permits to sell the liquors in question for medicinal purposes.

II. It is next insisted by appellants that, if the act of 1886 was designed to amend section 1526 of the Code, it is in conflict with section 29, article 3, of the constitution of Iowa, which provides that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title." The use of intoxicating liquors for medicinal purposes is recognized by section 1526 aforesaid, by the act of 1886 in question, and by the act of 1880, which it amends. An act which provides that they may be sold only by pharmacists certainly relates to the practice of pharmacy. We therefore conclude that the act in question is not open to the objection made.

THE SAME.

III. The appellants complain of the refusal of the court to instruct the jury that the law did not require defendants to take from applicants for the purchase of intoxicating liquors written or printed statements showing the purpose for which the liquor was wanted; and that, if such application were taken by defendants, and showed that the purchaser desired the liquor for a lawful

2. INSTRUCTIONS: as to effect of particular evidence.

purpose, such fact would be evidence tending to show proper care and caution on the part of the defendants, and a disposition to obey the law. We discover no error in the ruling of the court. The jury were charged to consider all facts proven in deciding whether or not sales were made in good faith. The jury may have found that the taking of the application in question was a mere subterfuge, resorted to for the purpose of concealing the real character of the sales. It was for them to determine, from all the facts of the case as disclosed by the evidence, whether the taking of such applications tended to prove good faith on the part of defendants.

IV. Appellants complain of certain portions of the charge by which the jury were instructed that, in 3. ——: evidence deciding whether sales were lawful, they to warrant: good faith in might take into consideration the habits of sale of liquors the purchasers as to the use of liquors as a beverage, as known to the sellers, and the business or condition of the purchaser as known to the sellers, on the alleged ground that there was no evidence upon which they could be based. We are satisfied, from an examination of the entire record, that the complaint is technical, and without substantial merit. The evidence tended to show that defendants sold beer at retail in large quantities; that people who purchased it carried it away in cans, jugs, buckets and pails, and that much of it was drank in the lumber-yards, bushes and other places in the immediate vicinity of the place of sale; that about all the defendants required of a customer was a statement that he wished to use the beer for a purpose contemplated by their permit. They claim that they did not sell to persons who had been drinking, and there was some evidence to the effect that they did not make two sales to one person on the same day. One witness testified that during the time covered by the indictment he purchased from a half gallon to a gallon of beer each day, and drank it, and that defendants would not allow him to drink it on the premises. It is evident that defendants knew something of the habits of some of their patrons, and, in the case of daily sales

Lindley v. The First Nat. Bank of Waterloo.

of considerable quantities of beer to the same person, it was their duty to know something of the uses to which he was putting it. The fact that they forbade a regular customer from drinking the beer on their premises is some indication that they knew the real purpose for which he purchased it. In our opinion, there was evidence which justified the giving of the portions of the charge in question.

V. Appellants complain of the amounts of the fines imposed. The evidence tended to show flagrant

**4. INTOXICATING liquors: unlawful sales: fines.** violation of the law by defendants. As already stated, large quantities of beer were sold by them, apparently without much regard for the regulations and restrictions imposed by statute. We discover no reason for interfering with the judgment of the district court in any respect. It is therefore                                AFFIRMED.