## John C. Owens v. The People, etc.

1. INTOXICATING LIQUOR—*Sales under Permit for Medicinal Purposes.*—Upon the trial of an indictment for unlawful sales of intoxicating liquor, where a permit to sell for medicinal, chemical, mechanical and sacramental purposes, is relied upon as a defense, the defendant has the right to have submitted to a jury the good faith of his sales under the permit.

2. SAME—*Druggist's Sales, a Question of Good Faith.*—The sale of liquor by a druggist holding a permit to sell for medicinal, chemical, mechanical or sacramental purposes, is legal, if he acts in good faith, and under such circumstances as are sufficient to create in the mind of a reasonable man a belief that the liquor is bought for a purpose authorized by the permit.

3. SAME—*The Holder of a Permit Need Not Necessarily be a Pharmacist.*—The holder of a permit to sell intoxicating liquor for medicinal, mechanical, sacramental and chemical purposes, need not necessarily be a pharmacist, within the meaning of the act of 1881 relating to pharmacists. Paragraph 46, Sec. 1, Art. 5, Chap. 24, R. S., authorizes the granting of such permits by cities and villages.

**Memorandum.**—Indictment for selling intoxicating liquors. In the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Trial by jury; verdict of guilty; appeal by defendant. Heard in this court at the December term, 1894, and affirmed. Opinion filed January 24, 1895.

MORRILL SPRAGUE and E. MEERS, attorneys for plaintiff in error.

EDWARD C. AKIN, State's Attorney, for defendant in error.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was indicted and convicted under the dram-shop act for selling intoxicating liquors without a license. He was a druggist in the village of Plainfield and had a permit from the village board to sell liquor for medicinal, chemical, mechanical and sacramental purposes issued in pursuance of an ordinance of the village. He defended under the permit.

There was evidence for the people sufficient to justify a finding that some of the sales were for use as a beverage and not in good faith as a medicine, but plaintiff in error claimed and testified that all sales made by him were made for medicinal purposes only. He had the right to have that question submitted to the jury so that they could determine whether the sales were made in good faith for that purpose.

For the people the court gave the following instruction:

3. The court instructs the jury that a pharmacist selling intoxicating liquor under a permit from the board of trustees of a village, assumes all the hazards of the business, and makes the sale of such liquors at his peril. And if such pharmacist sells intoxicating liquor to one who purchased the same for the purpose of using it as a beverage, and who afterward does use it for such purpose, such a pharmacist is guilty of an unlawful sale of intoxicating liquor, even though such purchaser should falsely state that the liquor was wanted for medicinal purposes.

Under this instruction no matter how honest the purpose of a druggist selling under a permit for medicinal purposes, he could be visited with punishment if a purchaser could by deception as to the intended use of the liquor induce a sale of it. The sale of liquor by a druggist holding a permit like the one in evidence is legal if he acts in good faith and under such circumstances as are sufficient to create in the mind of a reasonable man belief that the liquor is bought for a purpose authorized by the permit. Commonwealth v. Joslin, 158 Mass. 482; Commonwealth v. Gould, Id. 499.

This holding is not in conflict with the decisions of our

Supreme Court, that the good faith and honesty of purpose of a dram-shop keeper indicted for selling to a minor is no defense. One is licensed to sell for a beverage, the other permitted to sell for a medicine. The Supreme Court of Massachusetts is in accord with our Supreme Court on the question of good faith as to sales to minors, as will be seen by reading the opinions in the above cited cases.

But the state's attorney contends that the defense of sales under the permit should not prevail because plaintiff in error did not show that he was a pharmacist within the meaning of the act of 1881, relating to pharmacists, and that the third section of the dram shop act of 1883, under which the defense was predicated, authorizes municipal authorities to grant permits only to regular pharmacists.

There would be some force in this contention if the power to grant such a permit rested alone in the dram shop act. Paragraph 46, Sec. 1, Art. V, Chap. 24, R. S., relating to cities and villages, expressly provides for the granting of permits to druggists for the sale of liquors for medicinal, mechanical sacramental and chemical purposes. The provision has never been repealed or in anywise curtailed by subsequent legislation. The permit in evidence is on its face denominated a " Druggist's Permit," and seems to have been issued under that paragraph.

For the error of the court in giving the above quoted instruction, the judgment must be reversed and the cause remanded for another trial.