STATE OF IOWA v. F. W. GREGORY, Appellant.

**Liquor Selling:** DRUGGISTS: *Mixtures.* On trial of a druggist holding a permit for the sale of intoxicating liquors, there was evidence that defendant mixed whisky with cinchona and gave it to one claiming to be sick, who drank it from the graduate in which it was mixed; that it was a very common prescription and that the liquor taste was entirely destroyed. Code, sections 2385, 2388, authorizes a registered druggist to sell medicines, though they contain intoxicating liquors, on a written request, but not to sell any preparation to be used as a beverage. *Held,* that an instruction that the sale of a compound containing liquor, without a written request, will not excuse the defendant if the sale was not made in good faith was erroneous, as making the good faith, rather than the character of the compound, the test.

JURY QUESTION. Whether a compound sold by a druggist, composed in part of liquor and in part of a drug, was such as that the sale was in violation of law, was not a question of law for the court but of fact for the jury.

WRITTEN REQUEST: *Burden of proof.* An instruction that, if defendant druggist sold intoxicating liquor, the burden was on him to show that such sale was made on proper written or printed request was correct, without reference to defendant's good faith, which was not called in question until such request had been made.

*Admissibility of.* Under Code, section 2394, providing that in a prosecution for the illegal sale of intoxicating liquors the request for liquor shall be competent evidence, the admission of the written request of purchaser from a registered pharmacist charged with the illegal sale was proper.

*Appeal from Hardin District Court.*—HON. J. R. WHITTAKER, Judge.

TUESDAY, APRIL 10, 1900.

DEFENDANT was indicted, tried, and convicted of the crime of keeping a liquor nuisance, and appeals from the judgment pronounced against him.—*Reversed.*

*F. M. Williams,* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—Defendant is a registered pharmacist holding a permit for the sale of intoxicating liquors. Evidence was adduced on behalf of the state tending to show that he sold intoxicating liquor to one Wilson without requiring him to sign a written request therefor. The record discloses, however, that Wilson said to defendant that he wanted something for a cold, and that, pursuant to the request, defendant mixed with an ounce of whisky, one ounce of cinchona, and gave the compound to Wilson, who drank it from the graduate in which it was mixed. Defendant further testified that this is a very common prescription, and that the compound is weaker than the average medicine, and that the liquor taste is entirely destroyed. Bearing on this evidence, the court gave the following instruction:

"The mere fact, if it is a fact, that the defendant in this case mixed intoxicating liquors with other liquor or substances before delivering the same to a purchaser will not excuse him for selling said liquor for medicinal or pharmaceutical purposes without a written or printed request for the same, if you believe, from the evidence, the sale was not made in good faith, and was made for the purpose of evading the law.

"Nor has the defendant in this case, under the evidence, any right to prescribe the use of intoxicating liquor to any person for medical purposes, and sell the same without complying with the requirements of the law as contained in these instructions."

This instruction is clearly erroneous. Although not expressed in so many words, the effect of the first paragraph is to hold that the sale of a compound containing intoxicating liquor, if made on written request, would be valid even if the sale was made for the purpose of evading the law. In other words, the good faith of the seller, rather than the character of the compound, is made the test by which to determine the legality of the sale. The second paragraph forbids the prescribing of intoxicating liquor for medical purposes and a sale thereof without written request from the purchaser, notwithstanding the fact that it may have been so mixed or compounded with other ingredients as to lose its distinctive character as an intoxicant, and become a medicine. If this be not true, then there is no instruction whatever regarding the right of the defendant to sell a compound containing intoxicating liquor. Under the law, defendant had a right as a registered pharmacist, to compound and sell drugs and medicines, even though they contained intoxicating liquor. But he was not allowed to sell any preparation or compound, intoxicating in character, that might be used as a beverage. Code, sections 2385, 2588. Whether or not the compound was such as that a sale thereof was inhibited was not a question of law for the

court, but of fact for the jury. And the court should have instructed that, if the liquor sold to Wilson was so compounded with other substances as to lose its distinctive character as an intoxicant, and to be no longer desirable for use as a stimulating beverage, and was in fact a medicine, then defendant was not guilty of violating the law in making the sale. This, as we have seen, it did not do. On the contrary, the instruction, in effect, directed the jury to find the defendant guilty if they believed defendant sold a compound containing intoxicating liquor without taking a written request therefor. In any event, defendant was entitled to an instruction regarding his right to sell compounds containing intoxicating liquor. No other than the one quoted was given, and that, as applied to the facts, was erroneous.

In another instruction the court said, in effect, that, if defendant sold intoxicating liquors, the burden was on him to show that such sale was made on proper printed or written request of the purchaser. Defendant requested the court to instruct that; even if the requests were defective, still if he made the sales in good faith, and for lawful purposes, he would not be guilty. These requests were refused, and it is insisted that the court erred in denying them, and in instructing as it did. We think the instructions given correct, and that the question of good faith arises only where proper requests have been made to the seller. Prohibition is the rule, and permission to sell is the exception, and he who claims the right to sell must bring himself within the exception. One of the requirements is that the seller, before sale or delivery, must have a request, signed by the applicant, containing certain enumerated statements, not necessary to be more particularly mentioned. Many of the requests introduced in evidence, and on which defendant made sales, were defective, and the court did not err in its statement of the law. *State v. Thompson,* 74 Iowa, 122; *State v. Cloughly,* 73 Iowa, 628; *Shear v. Green,* 73 Iowa, 689. When proper requests are made, the seller

must deny the request, and refuse to make the sale, unless he has reasons to believe the statements made therein are true; and in no case granted, unless the seller knows the person applying therefor is not a minor, intoxicated, or in the habit of using intoxicating liquors as a beverage. Code, section 2394. When proper requests have been made, the question of the seller's good faith in making the sale is an issue, and that question is one of fact for the jury. *State v. Aulman,* 76 Iowa, 628; *State v. Hoagland,* 77 Iowa, 135; *State v. Cummins,* 76 Iowa, 136; *State v. Huff,* 76 Iowa, 203. The court so instructed, and there was no error in this respect. The written requests of the purchasers were properly admitted in evidence. *State v. McConnell,* 90 Iowa, 198; *State v. Thompson, supra.* For the error pointed out in the first division of the opinion, the judgment is REVERSED.