I. M. BOGGS, Superintendent of Public Instruction, Guthrie
County, Iowa, and others, Appellants, v. THE SCHOOL
TOWNSHIP OF CASS, Guthrie County, Iowa.

**Constitutional Law:** COUNTY HIGH SCHOOLS: TUITION. Chapter 84,
Acts of the Twenty-seventh General Assembly relating to
county high schools is not unconstitutional because the legis-
lative act embodies a subject not clearly expressed in the title,
namely, that it attempted to amend Code section 2803 relating
to ordinary school corporations; nor is the act unconstitutional
on the ground that the legislature had no power to compel
the school corporation to pay for the education of pupils at-
tending the county high school without the corporation's con-
sent.

*Appeal from Guthrie District Court.*— HON. JAMES D.
GAMBLE, Judge.

TUESDAY, MARCH 7, 1905.

THE plaintiffs were trustees of the Guthrie County
High School, and brought this suit to recover for the tuition
of pupils attending said school who resided in the defendant
district. A demurrer to the petition was sustained, and the
plaintiffs appeal.— *Reversed.*

*Weeks & Hughes,* for appellants.

*E. R. Sayles,* for appellee.

SHERWIN, C. J.— Chapter 12 of title 13 of the Code,
as amended by chapter 84, page 48, Acts of the Twenty-
Seventh General Assembly, provides for the establishment
and maintenance of county high schools. Such a school was
regularly established in Guthrie county. The defendant is
a school corporation of said county, and there was appor-

tioned to it the number of pupils entitled to admission to the high school without tuition. More pupils from the defendant attended said schools than its proportionate number, and this with the knowledge of the defendant and without objection on its part, and this suit is to recover the tuition of such pupils. Chapter 84, page 48, of the Acts of the Twenty-Seventh General Assembly is entitled as follows: " An act to amend sections twenty-seven hundred and twenty-eight, . . . twenty-seven hundred and thirty, . . . twenty-seven hundred and thirty-one, . . . and twenty-seven hundred and thirty-two, . . . and repeal section twenty-seven hundred and thirty-three of the Code, and enact a substitute therefor, in relation to county high schools." The appellants contend that the act embraces more than one subject, but one of which is expressed in its title, and that it is therefore repugnant to section 29 of article 3 of the Constitution of the State. Section 4, of chapter 84, page 49, of the act, provides that, should there be more applicants for such admission from any school corporation than its proportionate number, then the board of directors of such school corporation shall designate which of said applicants shall be entitled to attend, and, " if such pupils are residents of the county, the school corporation from which they attend shall pay their tuition out of its contingent fund." The appellee's precise claim is that this provision of the act is not germane to the title, because it is an attempt to amend section 2803 of the Code, relating to school corporations in general. But this position is manifestly untenable. Section 2803 relates to the ordinary school district corporations in the same or in adjoining counties, and regulates the attendance of pupils in the schools therein. It was not intended to nor does it regulate or relate to high schools established under the provisions of chapter 12, title 13. Such schools can only be established by a vote of the electors of the entire county, and they are supported generally by county taxes levied and collected as other county taxes. As the name

indicates, the purpose of the high school is to provide schools of a higher grade than the ordinary district school, and to make property throughout the county bear the expense thereof. The title of the chapter clearly relates to county high schools, and to nothing else. The subject of the entire act itself is such schools, and the matter complained of relates only to the means and manner of making the act effective, and is in the most direct and positive way connected with and related to the entire subject-matter thereof, and to nothing other or different therefrom. The title of the act calls express attention to the sections of the Code that are to be amended thereby, and to what they relate; and no one could be misled thereby who paid the slightest attention thereto. *State v. Forkner,* 94 Iowa, 1; *State v. Shroeder,* 51 Iowa, 197; *Martin v. Blattner,* 68 Iowa, 286; *Williamson v. City of Keokuk,* 44 Iowa, 88; *State v. Aulman,* 76 Iowa, 627; *McAunich v. Ry. Co.,* 20 Iowa, 338. Nor is this conclusion in conflict with the holding in *Rex Lumber Co. v. Reed,* 107 Iowa, 111, as a careful analysis of that case will show.

The appellee argues further that the Legislature had no power to compel the defendant to pay for the education of its pupils attending the high school without its consent, and cites a number of cases that hold, in effect, that one corporation or person cannot be compelled by legislative enactment to pay the debt of another. This general rule is no doubt correct, but it has no place in the determination of this case. That the Legislature has the power to provide for a system of public schools is not and cannot be questioned, and that it may provide for the maintenance of such schools by taxation is as well settled by authority. It has the same power to provide for the establishment and maintenance of a county high school that it has to provide for schools of a lower grade, and it may unquestionably designate the means and manner of raising the revenue necessary for its maintenance. Within certain lim-

its the expense thereof is to be paid by a county tax, but when more pupils attend from any school corporation than may attend under its allotment it is required to pay the reasonable tuition of such pupils, and in so doing it is not paying the debt of the high school corporation nor of the pupils. It is in fact doing nothing more than paying its own debt from the funds which the Legislature has permitted it to raise by taxation for that very purpose. The sovereign only has the power to tax, and it may direct the public use to which such tax shall be applied.

The demurrer should have been overruled and the judgment is *reversed*.