[No. 14201.   Department Two.   January 30, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v. A. E. HOLLAND, *Appellant*.[1]

INTOXICATING LIQUORS—OFFENSES—ILLEGAL SALE—DRUGGIST—GOOD FAITH—INFORMATION. The good faith of a druggist in selling grain alcohol for mechanical purposes is put in issue by an information charging that the defendant knew at the time of the sale that it was not to be used, and was not sold, for such purposes.

SAME — ILLEGAL SALES — DRUGGIST—ISSUES—GOOD FAITH. Under the state-wide prohibition law, Rem. Code, § 6262-7, allowing druggists to sell alcohol for mechanical and chemical purposes only upon written application and requiring an exact, true record to be made of such sales, the good faith of the druggist in making a sale is an issuable fact, although the purchaser signed the written application required by law.

SAME—SALE BY DRUGGIST—RECORD BOOK—EVIDENCE—ADMISSIBILITY. Upon a prosecution of a druggist for an illegal sale of alcohol for other than mechanical or chemical purposes, evidence of defendant's record book showing the number of such sales is admissible upon the main issue of his good faith.

SAME—SALE BY DRUGGIST—EVIDENCE—SUFFICIENCY. A conviction of a druggist for an illegal sale of alcohol for other than mechanical or chemical purposes is sustained by the testimony of two detectives making the purchase to the effect that the defendant was informed at the time of making the sale that it might be used for other purposes; their credibility being for the jury.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered July 3, 1916, upon a trial and

[1]Reported in 170 Pac. 332.

conviction of violating the state-wide prohibition law. Affirmed.

*Hurd & Hurd*, for appellant.

*A. R. Hilen* and *R. V. Welts*, for respondent

ELLIS, C. J.—On May 15, 1916, defendant was charged with an illegal sale of grain alcohol, the accusatory part of the information being as follows:

"That at Sedro-Woolley, in said Skagit county, Washington, on or about the 25th day of February, 1916, said defendant, then and there being a registered druggist or pharmacist, did then and there, wilfully and unlawfully sell unto one C. M. Clauder, otherwise known as ———— Carlton, intoxicating liquors, to-wit: One-half pint of grain alcohol, and did then and there register said sale in a book kept for that purpose by placing therein the name of said purchaser, his place of residence and the kind, quantity and price of the liquor sold, together with a statement that it was sold for mechanical purposes, and did then and there cause said purchaser to sign said book, *but at the time of said sale said defendant well knew that said alcohol was not to be used for chemical or mechanical purposes and was not sold for that purpose, and the registering on the book as aforesaid was merely for the purpose of hiding and covering up the true facts of said sale,* contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington."

The part which we have italicized, defendant moved to strike as surplusage, as conclusion of the pleader, and as not disclosing the full nature of the offense sought to be charged. The motion was denied. He then demurred to the information as a whole on the ground that the facts stated do not constitute a crime, that they present a bar to the prosecution, and fail to apprise him of the full nature of the charge. He also demurred specifically to the part which we have italicized, on the ground that it is not based upon any statute, that it fails to charge any crime, and that it does

not apprise him of the full nature of the accusation. The demurrers were overruled.

The cause came on for trial on June 22, 1916. At the trial it developed that, on February 24, 1916, two men from Seattle, Charles Clauder and William Wolf, who were in the employ of the prosecuting attorney for Skagit county for the purpose of detecting violations of the prohibition law, went to defendant's drug store, where Clauder purchased from defendant a half-pint bottle of grain alcohol for forty cents. Clauder testified:

"I addressed Mr. Holland and asked him for alcohol. He asked me if I wanted it for mechanical or chemical purposes. I told him I might want to use it for other purposes but I wanted an alcohol without any poison in it. Q. What did he tell you? A. He told me this absolutely had no poison in it. Q. What kind of alcohol did you ask for? A. A grain alcohol. Q. What next occurred Mr. Clauder? A. He gave me the alcohol and I paid him 40c."

He further stated that he told defendant his name was Charles Carlton, and signed defendant's record book of sales of alcohol. Soon after the purchase, Clauder turned the alcohol over to the prosecuting attorney of Skagit county. Wolf testified as follows:

"Charles Clauder went in there and went up to the desk, up to the counter, and told this gentleman he wanted some alcohol, and this gentleman asked him what he wanted it for, if he wanted it for mechanical or chemical purposes, and Clauder answered him he wanted grain alcohol, and then, again, Mr. Holland says, what you want it for what purpose, he says, well I don't know, I may want it for mechanical or for some other purposes, I don't want alcohol with poison in it, what is poisonous, and Mr. Holland answered it was not poisonous, and Mr. Holland says you have to sign up for that."

Defendant's version of the transaction was as follows:

"He (Clauder) came into my place of business and asked for a half pint of alcohol; grain alcohol he might have said. Q. Did he state for what purpose? A. I asked him where

his residence was and he told me, he said Mount Vernon. I asked him for what purpose he wanted to use it for. I says did you want to use it for mechanical or chemical purposes, and he said mechanical purposes. I had him sign the book and gave him the alcohol. Q. I will ask you whether or not there was anything about that sale or any statements or utterances by which this man Clauder indicated to you that this alcohol was to be used for any other purposes than mechanical? A. None other. He said he wanted it for mechanical purposes. Q. You heard his statement that he told you 'I might, I told him I might want it for other purposes.' I will ask you to state to the jury whether or not that is true? A. That is not true, sir. Q. I will ask you, Mr. Holland, if he had made such a statement, whether you would not have made the sale? A. I would not. I would have told him if he stated medical purposes, I would not sold it for that purpose."

Over defendant's objection, the court admitted in evidence certain leaves from defendant's record book of sales of alcohol, which leaves covered the period from January 1, 1916, to May 15, 1916, the date when the information was filed. Defendant, as part of his defense, introduced in evidence the remainder of the book covering his record of sales to the date of trial. On cross-examination defendant stated that, when the prohibition law went into effect, he had on hand forty gallons of alcohol, and that, since that time, he had purchased two hundred and fifty gallons more. He admitted that, basing his conclusion on his record of sales since January 1, 1916, his sales of alcohol for chemical and mechanical purposes had increased many fold since that time. He claimed that this was because but few druggists in Skagit county sell alcohol, so that his sales covered a large territory.

The jury returned a verdict of guilty as charged. Defendant interposed motions for a new trial and in arrest of judgment. Both were overruled. He was sentenced to pay a fine of $200 and costs. He appeals.

Eight claims of error are assigned, but they are all, so far as discussed, directed to and present but three questions.

(1) Was the matter of appellant's good faith in making the sale in issue, or did the signing of the record that the alcohol was desired for mechanical or chemical purposes by the purchaser, as required by § 7 of the prohibition law, Rem. Code, § 6262-7, absolve appellant as a druggist regardless of his good faith in the premises? (2) Was it error to admit in evidence the records of sales of alcohol other than that upon which the information was based? (3) Assuming that appellant's good faith was in issue, was the evidence sufficient to sustain the conviction?

I.   The claim that the question of good faith was not presented by the information is without merit. The part of the information which in our statement of the case we have italicized distinctly challenged appellant's good faith, both in the making of the sale and in the making of his record of the sale. If, therefore, the good faith of the transaction is an issuable fact, where the making of the record in formal compliance with the law is admitted, that issue was distinctly presented by the information. This is so obvious as to require no further argument.

It is almost equally manifest that the question of good faith essentially enters into every sale of alcohol by a registered druggist or pharmacist, and this notwithstanding the formal sufficiency of his record. Prohibition is the rule; permission to sell the exception. Rem. Code, § 6262-4. That permission, so far as here involved, is to sell "alcohol for mechanical or chemical purposes only." Rem. Code, § 6262-7. The same section prescribes the terms upon which the privilege of sale may be exercised as follows:

"Every druggist or pharmacist selling intoxicating liquor or alcohol for the purposes above provided shall keep a true and exact record in a book provided by him for that purpose, in which shall be entered at the time of every sale of intoxicating liquor or alcohol made by him or in or about his place of business the date of the sale, the name of the purchaser, his place of residence, stating the street and house number (if there be such), the kind, quantity and price of such

liquor or alcohol and the purpose for which it is sold, and, when the sale is for medicinal or sacramental purposes, the name of the physician issuing the prescription or of the clergyman giving the order therefor, and, when the sale is of alcohol for mechanical or chemical purposes, the purchaser shall be required to sign the record of the sale in the book."

The attention is at once challenged by the fact that the seller is not only required to keep an "exact" record of the things enumerated touching every such sale, but also a "true" record. Manifestly the truth of the record is its most essential feature, unless the making of the record is to be frankly regarded as a mere perfunctory formality and a convenient subterfuge. If, as appellant seems to contend, the truth of the record is so conclusively presumed that it cannot be challenged or made an issue, why the requirement that it be true? Appellant's argument overlooks the fact that the permission accorded to druggists and pharmacists to sell intoxicants (other than for medicinal or sacramental purposes) is to sell alcohol for mechanical or chemical purposes *only*. It is not a permission to sell to every person who signs a formal statement to that effect. The language of the supreme judicial court of Massachusetts, touching the legal effect of a similar certificate, is peculiarly pertinent here. After reciting the statutory requirement of the certificate and record, that court said:

"If this relieved the druggist from responsibility for selling in bad faith, knowing or believing that the certificate or prescription was false and fraudulent, and that the liquors were to be used as a beverage, it would sanction subterfuges which would go far to render all restrictive legislation futile. To show that such was not the intention of the legislature, it is not necessary to read anything into the statutes, or to construe them otherwise than with strictness. Taken together, they authorize retail druggists and apothecaries to sell intoxicating liquors only when they are to be used for medicinal, mechanical, or chemical purposes; and not to sell them whenever a purchaser makes the statute certificate." *Com-*

*monwealth v. Joslin,* 158 Mass. 482, 33 N. E. 653, 21 L. R. A. 449.

Indeed, it seems to us that the issue of good faith not only does arise, but can only arise, when a formally sufficient record of the sale has been made. Without such a record there is no issuable fact; the sale is conclusively illegal without regard to the seller's good or bad faith. But the converse is not true. When the formal record has been made, the question of good faith is an issue. That question is then one of fact for the jury upon the evidence. It has been so held under a statute of Iowa requiring a written request signed by the applicant before sale or delivery by the druggist.

"When proper requests have been made, the question of the seller's good faith in making the sale is an issue, and that question is one of fact for the jury." *State v. Gregory,* 110 Iowa 624, 82 N. W. 335.

As bearing upon the subject of good faith generally, see, also: *Commonwealth v. Gould,* 158 Mass. 499, 33 N. E. 656; *Owens v. People,* 56 Ill. App. 569; *White v. State,* 45 Tex. Cr. 602, 79 S. W. 523; *State v. Knowles,* 57 Iowa 669, 11 N. W. 620.

We are clear that, both on reason and authority, the requirement that a "true and exact record" of all such sales be kept, so far from being intended as furnishing complete absolution to the druggist or pharmacist, was mainly intended to furnish to the officers charged with the enforcement of the law a ready means of investigation as to the good faith of each transaction. Why else the following provision in the same section, Rem. Code, § 6262-7?

"Such book and all prescriptions for intoxicating liquor filled shall be open to inspection by any prosecuting attorney or city attorney, judge or justice of the peace, sheriff, constable, marshal, or other police officer, or member of the city or town council."

We hold that the good faith of the seller in each case is an issuable fact, and that the information in this instance sufficiently presented that issue.

II.   Was it error to receive in evidence the record of sales of alcohol other than that upon which the information was based? We think not.   It was competent and pertinent to the main issue of good faith.   Had these records shown that such sales had not increased or had fallen off since the pro- hibition law went into effect, they would have been strongly persuasive in support of appellant's testimony that he never sold alcohol except under the belief that it was for mechan- ical or chemical use, and would not have sold the alcohol to Clauder had Clauder told him he might use it for other pur- poses.   When he admitted,, basing his conclusion on these records, that, since January 1, 1916, his sales for chemical and mechanical purposes had increased many fold, these rec- ords became equally persuasive the other way.   They tended to show either a culpable laxity or convenient credulity hardly compatible with his claim of habitual good faith. *Seattle v. Hewetson*, 95 Wash. 612, 164 Pac. 234; *State v. Atkinson*, 33 S. C. 100, 11 S. E. 693; *Commonwealth v. Stevens*, 153 Mass. 421, 26 N. E. 992, 25 Am. St. 647, 11 L. R. A. 357; *White v. State, supra.*

III.   Was the evidence sufficient to sustain the conviction? If the evidence was competent, that question was clearly one for the jury.   Much stress is laid upon the fact that the two men, Clauder and Wolf, were detectives.   That fact, how- ever, went to the weight and credibility of their testimony, rather than to its competency.

"The employment of detectives is not in all cases dis- creditable.   In many cases it is the only way of bringing the offenders to justice.   It is as important that laws should be enforced as it is that they should be enacted." *State v. Rollins*, 77 Me. 380.

See, also, *State v. Baden*, 37 Minn. 212, 34 N. W. 24; *People v. Whitney*, 105 Mich. 622, 13 N. W. 765.

Demonstrably, the mere fact that the alcohol was not pur- chased nor used for an illegal purpose is immaterial.   Sup- pose Clauder had told appellant that he wanted the alcohol

for medicinal use and had actually so used it, but had presented no prescription and appellant had sold it to him on his signing the record that the sale was for mechanical use. No one would contend that the fact that the alcohol was actually sold and used for a legal purpose would be a defense to a prosecution for the illegal sale. Yet the bad faith of such a transaction would be less flagrant than that presented here if, as the jury evidently believed, Clauder and Wolf told the truth. Appellant's argument again overlooks the fact that his privilege as a druggist extended to sales (other than for medicinal and sacramental purposes) but for two specific purposes, viz.: mechanical or chemical purposes only. It was purchased for neither of these, and if Clauder and Wolf are to be believed, appellant was, in substance, so advised when he made the sale. True, appellant testified to the contrary, but the question as to where the truth lay was one for the jury.

Appellant has had a fair trial. He was convicted upon competent evidence. No complaint is made as to the instructions given by the court. We find nothing in the record warranting a reversal.

The judgment is affirmed.

MOUNT and MORRIS, JJ., concur.

HOLCOMB, J. (concurring)—I concur in the result in this case, but cannot subscribe to all the reasoning. It requires too great acumen on the part of the druggist.