STATE OF IOWA, Appellee, v. RAY ANDREWS et al., Appellants.

INTOXICATING LIQUORS: Medicated Intoxicant. Injunction will lie to restrain the sale of a combination of one fourth alcohol

and certain medicinal substances, camouflaged as "bitters," and working the result of rendering the user full at the head and empty at the bowels at the same time.

*Appeal from Palo Alto District Court.*—D. F. COYLE, Judge.

MARCH 10, 1920.

AFTER a full trial on the merits, Andrews, the Drug Company, and the owner of the premises, were enjoined from maintaining a liquor nuisance. They appeal.—*Affirmed.*

*Cook & Balluff* and *McCarty & McCarty,* for appellants.

*H. M. Havner*; Attorney General, *B. J. Powers,* Assistant Attorney General, and *John Menzies,* County Attorney, for appellee.

PRESTON, J.—The defendants, other than the owner, had been conducting a drug business in the premises described, for about two years. They had in stock various proprietary medicines and drugs, among which was a preparation known as Harlax,, or Harlax Stomach and Liver Regulator, which was a preparation manufactured by a wholesale drug company in Rock Island, Illinois. The company formerly manufactured a preparation known as Black Hawk Stomach Bitters, but it was changed to Harlax. It is the same preparation, and made according to the same formula. They simply changed the name. The percentage of alcohol was reduced a little, from about 28 per cent to from 23 to 25 per cent by volume, in Harlax. In addition to the 23 per cent alcohol, it contains a small percentage of sugar and other solids, and a certain percentage of cascara. There is evidence to show that Harlax was purchased by a number of witnesses, for use as an intoxicating beverage, and that they did so use it, and became intoxicated. The three parties so having purchased and used it are shown to have been drunkards. One of them drank a bottle containing something

more than a pint, in 20 hours. Defendants introduced several witnesses who testified that they purchased the preparation for medical purposes. Defendants contend that Harlax, while containing 23 per cent alcohol, was sufficiently medicated to make it undesirable for use as a beverage, and that it was, in fact, a medicine. Witnesses for the State testify as to the reputation of the place, and that it had the reputation of being a place where a large amount of this so-called stomach bitters was sold, and where people could buy intoxicants of some kind that would make men drunk. The reputation was with reference to the stomach bitters and the sale thereof to drunkards. There is no claim that other intoxicating liquors were sold. Defendant had a government license to sell intoxicating liquors at retail. Defendant explains this by saying that he keeps it for his protection, because he keeps many different kinds of patent medicines that contain a high percentage of alcohol, and, when a government man comes to the store, he inquires for the stamp, and, if there is none, the government man looks over the stock. Defendant testifies that the effect of Harlax is that it is a laxative, and also "kind of gave a general tone to the system." A doctor testifies that the use of this preparation would act upon the bowels decidedly, in an ordinary individual, and, if its use is continued from day to day, or from time to time, it would have a depleting effect, after a while, but says further:

"Q. Would that prevent a fellow from getting intoxicated? A. I should say not. Q. He would get full and empty at the same time? A. He would get full in the head and empty in the bowels."

The bark from which cascara is obtained is variable. Some of it is strong, and some not so strong. Appellant cites *State v. Gregory*, 110 Iowa 624, and *McNiel v. Horan*, 153 Iowa 630, to sustain the point that, if the liquor was so compounded with other substances as to lose its distinctive

character as an intoxicant, and to be no longer desirable as a stimulating beverage, and was, in fact, a medicine, then defendant is not guilty. Under the evidence in this case, the defendant has violated the law, under the rule laid down, even in the *Gregory* case and the *McNiel* case. See, also, *State v. Snyder*, 185 Iowa 728; *State v. Klein*, (Iowa) 174 N. W. 481 (not officially reported) ; *State v. Miller*, 92 Kan. 994 (L. R. A. 1917 F 238, 243).

We are content with the rule, even though present conditions may be as contended by appellant. Each case must stand upon its own bottom. *State v. Silka*, 179 Iowa 663, 670. The judgment and decree are—*Affirmed*.

WEAVER, C. J., EVANS and SALINGER, JJ., concur.