"Yours respectfully,
"E. B. Messer & Son."

We find nothing in this correspondence that could be deemed in any sense a waiver of the condition of acceptance. It was an offer by the defendant to put an end to all condition and contingency. It indicates entire good faith on the part of the defendant. It is our conclusion that there is nothing in the subsequent correspondence between the parties that changed their mutual rights and liabilities under the order and acceptance as originally made. The result is that there was no breach of the contract on the part of the defendant.

III. There are other features of the record upon which we have not touched, because they are material only as bearing upon the measure of damages. In view of our conclusion announced in the foregoing divisions, it is needless that we determine whether there was any competent proof of damage.

For the reasons indicated, the decree entered below must be held erroneous, and it is, accordingly, reversed.—*Reversed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.

---

G. E. SCHRAEDER, Plaintiff, v. W. G. SEARS, Judge, Defendant.

**INTOXICATING LIQUORS:** Contempt—Medical Compound as Beverage. An intoxicating liquor injunction is not shown to have been violated by testimony establishing the fact that a medical compound in a substantial quantity, and containing 16¼ per cent, by volume, of alcohol, was found in the possession of a retail druggist, with counter undisputed, unimpeached testimony showing: (1) That said quantity of alcohol was only sufficient to act as a solvent; (2) that the effect of said alcohol was neutralized by the medicinal ingredients; and (3) that physical debility, acute diarrhea, pain, vomiting, and prostration would result if said compound were taken in doses exceeding one and a half ounces.

*Certiorari to Woodbury District Court.*—W. G. SEARS, Judge.

NOVEMBER 22, 1921.

CERTIORARI to review contempt proceedings instituted on information alleging the violation on the part of the plaintiff herein of a liquor injunction decree of date April 13, 1918. Upon hearing he was found guilty and judgment was entered imposing the fine of $200 and costs and statutory attorney fees. —*Reversed and judgment annulled.*

*Daniel R. Forbes* and *George E. Hise,* for appellant.

*John F. Joseph,* for appellee.

DE GRAFF, J.—On April 13, 1918 plaintiff Schraeder was enjoined from selling or keeping for sale intoxicating liquors. On August 14, 1920 an information was filed in said cause alleging that plaintiff herein had violated said injunction and praying that he be held to answer for contempt for the sale and keeping for sale of intoxicating liquors in violation of law. Defendant (plaintiff herein) specifically denied that he had violated in any manner the terms and provisions of the said decree. The testimony introduced upon the trial in the contempt proceedings on behalf of the informant established but two facts: (1) That as a result of a raid on Schraeder's place of business on the afternoon of August 12, 1920 there was found nine whole bottles and two partially filled bottles of Lash's Bitters. (2) That it was conceded and admitted that the said bitters upon analysis contained 16.24 per cent alcohol by volume, and 13.52 per cent by weight.

The sole question presented on the merits of the case is whether the liquor called Lash's Bitters is a beverage the sale of which is prohibited by the state law governing intoxicating liquors. It may be said that some of the testimony defensive in character is neither material nor competent in the determination of the issues. Whether the liquor is in fact intoxicating is immaterial. *State v. Colvin,* 127 Iowa 632. Whether a liquor is so manufactured as not to be intoxicating in its ordinary use as a beverage is also immaterial. *Sawyer v. Botti,* 147 Iowa 453; *State v. Klein,* 174 N. W. 481. Nor is its name controlling or conclusive. *State v. Silka,* 179 Iowa 663; nor where sold or

by whom, unless the premises have the reputation as a place where intoxicating liquors are sold or drunkards congregate.

If a liquor contains any per cent of alcohol and is used or is capable of being used as a beverage it is within the purview of the prohibition and is under the ban of the law. This is the true test and in any case where these essentials are established by competent proof the sale or the keeping for sale of such liquor is unlawful. Under such circumstances the fact that other ingredients are mixed or compounded in said liquor is wholly immaterial. If, however, intoxicating liquor is so compounded with other substances or ingredients as to lose its character as an intoxicating liquor, and is therefore no longer capable for use as a beverage, then the sale thereof does not fall within the prohibition. *State v. Laffer,* 38 Iowa 422; *State v. Gregory,* 110 Iowa 624; *Berner v. McHenry,* 169 Iowa 483.

It cannot be seriously urged that the mere presence of alcohol in a manufactured product, irrespective of medication and irrespective of whether such product is used or capable of being used as a beverage, brings such liquor within the terms of our prohibitory statute. We are not unmindful that courts shall construe the law relative to the sale of intoxicating liquors so as to prevent evasion. Code Section 2431. On the other hand a court is not at liberty to throw aside undisputed testimony material to the issues involved. In the absence of impeachment affecting the credibility of witnesses, or of opposing testimony causing a conflict to arise, neither court nor jury has a right to disregard evidence and its probative value. In the instant case we are unable to detect any camouflage in the defense nor is there any attempt at evasion or concealment relative to the truth of the facts that determine the merits of the controversy. Whether a certain liquid or liquor is a beverage or a medicine is a question of fact. It is a mere legal conclusion "to call" it either, and in the same category is the manufacturer's *ipse dixit* that it was not made or intended for use as a beverage. The findings of the trial court on contempt proceedings do not have the force of a jury verdict. *McNiel v. Horan,* 153 Iowa 630. The last cited case and also *State v. Andrews,* 188 Iowa 626, are clearly distinguishable on the facts from the instant case.

The testimony offered on behalf of defendant Schraeder (plaintiff herein) tended to establish the fact that the compound in question contained the cathartic drug cascara sagrada 32 grains in each fluid ounce; that the quantity of alcohol used as a solvent was the minimum required; that the defendant never sold said compound in a quantity greater than one dose of approximately an ounce and a half to any one person at any one time; that by reason of its laxative and cathartic properties if taken in greater doses than prescribed on the label, it would weaken and debilitate the system and would produce acute diarrhea, pain in the bowels, vomiting, prostration, and that the alcoholic effect of the preparation was neutralized by its other ingredients.

This testimony was undisputed and seems to have been given no consideration by the trial court. We are not to be understood as determining whether or not Lash's Bitters is in fact a medicine or a beverage. We do hold under the testimony offered on the trial of this case there was a failure to prove that the compound sold was sold as a beverage or was capable of being used as such.

The accused purged himself of the contempt charged in the information. Wherefore the judgment entered by the trial court is—*Annulled and reversed.*

All the justices concur.