THE STATE V. HOAGLAND.

1. **Pharmacist**: UNLAWFUL SALES OF LIQUORS : VERDICT AGAINST EVI-
DENCE.  Defendant, a registered pharmacist, having a permit to
sell intoxicating liquors for the actual necessities of medicine only,
was found guilty of abusing his trust in selling such liquors when
he had reason to believe they would be used as a beverage.  But,
upon examination of the evidence (see opinion), *held* that there
was no evidence whatever to support the verdict, and that the
judgment rendered thereon should be reversed.

2. ——— : ———: DEGREE OF PENALTY.  The provision of chapter
83, Laws of 1886, that nothing in that act contained shall shield
the pharmacist who abuses his trust "from the utmost rigors of the
law now or hereafter in force in relation to the sale of intoxicat-
ing liquors," does not require the court to impose the extreme pen-
alty of one thousand dollars upon every pharmacist who unlawfully
sells intoxicating liquors.

*Appeal from Washington District Court.*—HON. W. R.
LEWIS, Judge.

FILED, FEBRUARY 4, 1889.

THE defendant and one W. H. Hoagland were
jointly indicted on a charge of keeping and maintaining
a nuisance by unlawful traffic in intoxicating liquors.
They were jointly tried, and the defendant was alone
found guilty.  He appeals.

*H. & W. Schofield*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROTHROCK, J.—It is claimed that the verdict is not
supported by the evidence.  It appears from the record
that the defendant is a registered pharmacist, and that on
the sixteenth day of December, 1886, he obtained a per-
mit from the board of supervisors of Washington
county, authorizing him to sell intoxicating liquors for
medicinal purposes only.  He is a practicing physician,

and owner and proprietor of a drug-store at the town of Brighton. The indictment was found on the fifth day of May, 1887, and all the sales of liquor made by him, as shown by the evidence, were made while he held said permit to sell. The state introduced four witnesses, who all testified that they had bought intoxicating liquors of the defendant during the time named. Each of these witnesses testified in the most positive terms that the purchases they made were for the actual necessities of medicine, and that the liquor was used for that purpose, and was not drunk as a beverage. None of it appears to have been drunk at the defendant's place of business. The liquors sold consisted of whisky, gin and brandy, and were sold in small quantities, from four ounces to a pint, at each time. All of the witnesses testified that at the time of making the purchases they thought they needed the liquors for the purposes of medicine, and that they consulted the defendant as to their ailments, and the effect of liquor as a medicine in their cases. All of the sales were made by the defendant in person, or under his immediate direction. One of the witnesses testified that he made purchases from two to a half dozen times. The other witnesses stated that they made more purchases, but not twice on the same day, nor to exceed two or three times a week, and not running through any great length of time. Two of the witnesses were blacksmiths. They both complain of kidney trouble; and one of them, in addition to this disease, complained of neuralgia. They all signed the certificate required by law at each purchase.

The defendant testified as a witness in his own behalf, and he stated that he made all the sales in good faith, after consultation with the purchasers as to their physical condition, and in the honest belief that the purchases were made for the actual necessities of medicine. There was no evidence of any excessive shipments of liquor to the defendant during the time named, and no other fact in the record from which any inference can be drawn that the sales were not made in strict accordance with the law.

The penalty inflicted upon the defendant was a fine of one thousand dollars. It is said in argument that the extreme penalty of the law was visited upon the defendant, because it is provided in chapter 83, of the Laws of 1886, that nothing in that act contained shall shield the druggist who abuses his trust "from the utmost rigors of the law now or hereafter in force in relation to the sale of intoxicating liquors." We do not believe that this provision of the statute requires the highest penalty to be fixed in such cases, and we do not think that there is any evidence in the case which authorizes a finding that the defendant had in any manner abused his trust. It is true, the law requires that a registered pharmacist shall refuse to sell intoxicating liquors "if he has reason to believe that the application is not made in good faith, and that the liquor would be used as a beverage."

The finding that the defendant had reason to believe that the applications to purchase were not made in good faith is contrary to every fact testified to by every witness in the case. It is equivalent to a finding that all the witnesses, for the state, as well as the defendant, were wilful and corrupt perjurers. Verdicts must be founded on facts, and not upon mere suspicion.

REVERSED.