## COMMONWEALTH *vs.* JOHN L. WALKER.

Middlesex.   January 28, 1895. — March 1, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Habitual Criminal — Misjoinder of Counts of Indictment — Rejection of Unnecessary Words as Surplusage — Parol Evidence.*

A motion to quash an indictment on the ground that it should not contain allegations of former convictions and sentences of the defendant, with a view to proving that he was an habitual criminal, is rightly overruled, as such allegations, under St. 1887, c. 435, § 1, are not only proper, but necessary.

A motion to quash an indictment on the ground of a misjoinder of counts is rightly overruled if it is obvious that the indictment was intended to charge the defendant in one count with the crime of breaking and entering a building with intent to commit the crime of larceny therein, and with having been twice convicted of crime, sentenced, and committed to prison for terms of not less than three years each, and to charge him in another count with an attempt to commit the same crime, and with having been in like manner previously convicted of crimes and sentenced; and, the meaning being obvious, unnecessary words may be rejected as surplusage.

At the trial of a criminal case on the question whether or not the defendant was married, an officer at the state prison at the time when the defendant was said to have been committed, four years before, testified that it was his duty to ask the prisoners certain questions when they entered the prison, and to keep a record of the answers, and that the defendant said, in answer to a question whether he was married, that he was not married. The defendant objected to the admission of the evidence, on the ground that the record should be produced. *Held,* that the entries did not constitute such a record as precluded parol evidence of the facts stated in them.

INDICTMENT, in two counts, charging the defendant, in the first count, with breaking and entering the dwelling-house of Edward S. Tead in the night-time, with intent to commit larceny, and with being an habitual criminal, four convictions, sentences, and committals to the state prison of this Commonwealth for terms of not less than three years each being set forth in the indictment; and in the second count, with attempting to break and enter in the night-time said dwelling-house with like intent, and with being an habitual criminal, the four convictions, sentences, and committals aforesaid being set forth in the indictment.   In the Superior Court, before the jury were impanelled, the defendant moved to quash the indictment for the reasons, 1. that the defendant on his trial on the counts charging him with breaking and entering, and also with attempt-

ing to break and enter, should not be prejudiced by the alleged record of his previous conviction and sentence on other charges of a similar character; 2. that there was a misjoinder of counts in that the first count charged the defendant with breaking and entering, and the second count with being an habitual criminal; and the third count with attempting to break and enter, and the fourth count with being an habitual criminal. The motion was overruled by *Hopkins*, J., and the defendant excepted.

At the trial in the Superior Court before *Fessenden*, J., the Commonwealth offered in support of the allegations in the indictment as to former convictions of the defendant record evidence, and also parol evidence, as to the identity of the defendant. To the admission of this evidence the defendant objected, but the judge admitted the evidence, and the defendant excepted. No objection was made to the form of the evidence.

It became a material question at the trial whether or not the defendant was married. On this question the Commonwealth presented as a witness one Seavey, who testified that he was an officer at the state prison at the time when the defendant was said to have been committed in 1890; that it was his duty to ask the prisoners certain questions when they entered the prison and to keep a record of the answers made, and that a record was kept of the answers made; and that the defendant said, in answer to a question whether he was married, that he was not married. The defendant objected to the admission of this evidence, on the ground that the record kept at the prison should be produced. The judge admitted the evidence, and the defendant excepted.

Proper instructions were given to the jury upon all material facts of the case.

The jury returned a verdict of guilty of so much as charged the attempt to break and enter and the former convictions, and not guilty of so much as charged the breaking and entering; and the defendant alleged exceptions.

*J. L. O'Neill*, for the defendant.

*F. N. Wier*, District Attorney, for the Commonwealth.

KNOWLTON, J. 1. The first motion to quash, on the ground that the indictment should not contain allegations of former convictions and sentences of the defendant with a view to proving that he was an habitual criminal was rightly overruled.

Such allegations in an indictment under St. 1887, c. 435, § 1, are not only proper, but necessary. All the questions involved in this objection to the indictment have heretofore been decided against the defendant. *Tuttle* v. *Commonwealth*, 2 Gray, 505. *Commonwealth* v. *Harrington*, 130 Mass. 35. *Commonwealth* v. *Graves*, 155 Mass. 163. *Sturtevant* v. *Commonwealth*, 158 Mass. 598.

2. The second motion to quash, on the ground of a misjoinder of counts, has not been argued, although from a reference to it in the brief we infer that it is not waived. The indictment contains two counts, instead of four as assumed by the defendant, and the words " against the peace of said Commonwealth and contrary to the form of the statute in such case made and provided," unnecessarily used in one place in each of the counts, and the words, " And the jurors aforesaid for the Commonwealth of Massachusetts on their oath aforesaid do further present," do not in this case denote the end of one count and the beginning of another. The decisions in *Commonwealth* v. *Glover*, 111 Mass. 395, 400, *Commonwealth* v. *Cohen*, 120 Mass. 198, and *Commonwealth* v. *Chiovaro*, 129 Mass. 489, hold that the unnecessary use of these words under circumstances like the present is not fatal to the indictment. It is obvious, upon examination of the indictment, that it was intended to charge the defendant in one count with the crime of breaking and entering a building with intent to commit the crime of larceny therein, and with having been twice convicted of crime, sentenced, and committed to prison for terms of not less than three years each, and to charge him in another count with an attempt to commit the same crime, and with having been in like manner previously convicted of crimes and sentenced. The meaning being obvious, unnecessary words may be rejected as surplusage.

3. The testimony of what the defendant said in answer to the question whether he was married or single was rightly admitted. The fact that the officer to whom he made the answer made a record of certain facts, including this answer, in accordance with a custom to make what may be called a descriptive list for possible future use when receiving a person into prison as a convict, does not affect the competency of the oral testimony. The entries do not constitute such a record as precludes parol evidence of the facts stated in them. *Exceptions overruled.*