108   161
f133   128

108   161
141   534

## C. J. HARLAN, Appellant, v. E. C. RICHMOND.

**Intoxicant:** *Permit law construed.* Acts Twenty-third General Assembly, Code 35, section 10, defines the cases in which a permit holder may lawfully sell intoxicants, and requires him to refuse unless he has reason to believe the applicant's statements are true, "and in no case" unless he personally knows the applicant, and that he is not intoxicated nor in the habit of using intoxicants as a beverage, nor a minor, etc. *Held,* that though the phrase introduced by the words "and in no case" lacks a verb, and something must be supplied to make the meaning clear, yet the limitation expressed is on the right to sell, and the seller must know the applicant, and that he is not a minor, nor in the habit of using intoxicants as a beverage, etc.

ILLEGAL SALES: *Evidence.* Most, if not all, of six applicants for the purchase of intoxicants had been seen intoxicated, some of them more than once. Four had been arrested and punished for drunkenness. The seller admitted having seen one of them drunk before he sold to him, and he had heard of another being drunk and had refused to sell him liquor. The testimony opposing was of a negative character only. *Held,* that they were addicted to the use of intoxicants as a beverage, and the sales to them were illegal, under Acts Twenty-third General Assembly, chapter 35, section 10.

**Depositions:** VARIANCE FROM NOTICE. Under a notice to take depositions of *J. T. Langley, John Potter, Ode Terrell,* and *G. Berlin,* were taken the depositions of *J. T. Longley, Jonathan S. Potter, S. Orren Tyrrell,* and *A. H. Berlin. Held,* that the variance was fatal under Code, 1873, sections 3721, 3722, requiring the notice to contain "the names of the witnesses."

*Appeal from Howard District Court.*—HON. L. E. FELLOWS, Judge.

SATURDAY, APRIL 8, 1899.

ACTION to abate a nuisance caused by the sale of intoxicating liquor. From a decree in defendant's favor, plaintiff appeals.—*Reversed.*

*E. R. Acres* and *E. W. Cutting* for appellant.

*B. N. Hendricks* and *Reed & Reed* for appellee.

WATERMAN, J.—It appears from the record that the defendant is a registered pharmacist, and that at the time of the acts complained of he held a permit for the sale of intoxicating liquor, duly issued under chapter 35, Acts Twenty-third General Assembly. The complaint is that he violated the terms of section 10 of that act, by selling liquor to persons who were in the habit of using it as a beverage. As the requirements of this section are in dispute, we may properly, at the outset, give our construction of its language. The section is as follows: "Before selling or delivering any intoxicating liquors to any person, a request must be printed or written, dated of the true date, stating the applicant is not a minor, and the residence of the signer, for whom and whose use the liquor is required, the amount and kind required, the actual purpose for which the request is made and for what use desired, and his or her true name and residence, and, where numbered, by street and number, if in a city, and that neither the applicant nor the person for whose use requested habitually uses intoxicating liquors as a beverage, and the request shall be signed by the applicant by his own true name and signature, and attested by the permit holder who receives and fills the request by his own true name and signature in his own handwriting. But the request shall be refused, notwithstanding the statement made, unless the permit holder has reason to believe said statement to be true, and in no case unless the permit holder filling it personally knows the person applying, that he is not a minor, that he is not intoxicated, and that he is not in the habit of using intoxicating liquors as a beverage; or, if the applicant is not so personally known to the permit holder, before filling the said order or delivering the liquor he shall require identification, and the statement of a reliable and trustworthy person, of good character and habits, known personally to him, that the applicant is not a minor, and is not in the habit of using intoxicating liquors as a beverage, and is worthy of credit as to the truthfulness of the statements in the application,

and this statement shall be signed by the witness in his own true name and handwriting, stating his residence correctly." In our opinion, in order to comply with the law, the seller must believe the statements in the application to be true; he must know the applicant, or have him identified; and he must know, or obtain proof, that such applicant is not "in the habit of using intoxicating liquors as a beverage." It is true that the phrase introduced by the words "and in no case" is wanting in a verb; that something must be supplied to make the meaning clear. But, when it is considered that this section is defining the cases in which the permit holder may lawfully sell, it appears reasonably plain that the limitation expressed is upon such right. If there is any ground of complaint in this case, it is that defendant sold the liquor to persons who were in the habit of using it as a beverage. If he did this, the law was violated, although defendant was ignorant of the habits of the applicant, for the law requires him to know that they are not so addicted before he makes the sale. He always sells at his peril. When in doubt, or ignorant of the facts upon which he should be informed, he must require proof. *State v. Thompson,* 74 Iowa, 120, and cases therein cited. In each instance of the several sales upon which plaintiff's case is founded, formal applications were signed by the purchasers as required by law, and each of such purchasers was a witness, and testified that the liquor was procured for medicinal purposes; and defendant testifies that he made the sales in good faith. Whatever suspicions we may have as to these particular sales must be set aside, in view of these positive and uncontradicted statements. *State v. Hoagland,* 77 Iowa, 135.

We come then to the question whether these persons were such as the law permitted defendant to deal with in transactions of this nature. Before passing to the evidence, it is well to determine what testimony we have in the record which may properly be considered. Notice was served by plaintiff of the taking of the depositions of witnesses named as follows; "J. T. Langley, John

Potter, Ode Terrell, and G. Berlin." Under this notice the testimony of J. T. Longley, Jonathan S. Potter, S. Orren Tyrrell, and A. H. Berlin was taken. Defendant moved to suppress these depositions, and also objected to their being read in evidence, on the ground that no notice of their taking had been given. There is such a variance in the names of the witnesses that this evidence should not be considered. Where depositions are taken upon notice, such notice must contain the name of the witness. Code 1873, sections 3721, 3722. See, as to effect of a variance in name, *Strayer v. Wilson*, 54 Iowa, 565; *Glenn v. Gleason*, 61 Iowa, 28.

We do not think the evidence which was received relating to the reputation of defendant's place of business was admissible. *State v. Fleming*, 86 Iowa, 294, 298. But upon this point we need not definitely pass, for, giving consideration to all the testimony of this subject, we think its decided weight is in defendant's favor.

Upon the issues as to the habits of the purchasers in the sales complained of, there is ample evidence, aside from that which we have discarded, to show that these men were in the habit of using intoxicating liquors as a beverage. Most, if not all, of them had been seen in an intoxicated condition, some of them more than once, and one of them on several occasions; and, of the six, four had been arrested and punished for drunkenness in the village where defendant's business is carried on, previous to the sales here charged. Defendant himself admits having seen one of them under the influence of liquor on one occasion before he made the sale to him; and, of another, he says that he had previously heard of his being intoxicated, and had refused to sell liquor to him. Opposed to this is testimony of a negative character only. We are able to come to but one conclusion: These parties were of the class to which defendant was forbidden by law to sell. The injunction should have issued,—REVERSED.