[Civ. No. 485.   Third Appellate District.—September 21, 1908.]

TOWN OF SELMA, a Municipal Corporation, Appellant, v. T. R. BREWER, Respondent.

CONSTITUTIONAL LAW—POLICE POWER—MUNICIPAL ORDINANCE PROHIBITING LIQUOR TRAFFIC.—A municipal ordinance designed to prohibit the retail liquor traffic, and the keeping of places where intoxicating liquors are sold, and the storing and having intoxicating liquors to be sold, or at all, except in cases where they may be used at private residences or required for medicinal, mechanical or scientific purposes, is a legitimate exercise of the local police power vested in the municipality by section 11 of article XI of the constitution.

ID.—CONSTRUCTION OF PROVISION PROHIBITING STORAGE OF LIQUOR.—In view of the title and purposes of the ordinance to prohibit the sale of liquors, and to restrict it to lawful purposes, in excepted cases, a provision thereof prohibiting the storage of liquors is designed to apply to cases where the storing of them is for the manifest purpose of unlawful sales, and not to the lawful storing of them in excepted cases.

ID.—INSUFFICIENT COMPLAINT AGAINST DRUGGIST FOR PENALTIES FOR STORAGE OF LIQUORS—RESTRICTIONS AS TO SALES.—Where the ordi-

nance regulates the sales of liquors by druggists under a permit, designed to safeguard the rights of the public, and to limit sales to medicinal purposes only, a complaint against a druggist to enforce penalties under the ordinance for the mere storage of liquors, which does not allege sales thereof in violation of the restrictions of the ordinance, states no cause of action, and a demurrer thereto was properly sustained.

Id.—Rights of Pharmacist Against Prohibition.—A pharmacist or druggist may not be prohibited from regularly engaging in the business of compounding prescriptions and selling intoxicating liquors for the legitimate purposes of his business, or from keeping in stock such quantities of the same as the exigencies of his trade may require for medicinal purposes, though sales may be lawfully restricted to such purposes.

Id.—Subjection of Pharmacist to Penalties.—A pharmacist may be subjected to penalties under an ordinance designed to prohibit the liquor traffic only when it is shown that he has dispensed or is dispensing such liquors in violation of the conditions, limitations and restrictions prescribed by the ordinance for the purpose of limiting sales to medicinal purposes only, and to protect the public against unlawful sales.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Joel H. Smith, George B. Graham, and Graham & Wallace, for Appellant.

Everts & Ewing, for Respondent.

HART, J.—The object of this action is to recover from the defendant penalties aggregating the sum of $3,360 for the alleged violations of the provisions of ordinance No. 98 of the town of Selma, entitled, ''An Ordinance for Police Regulation, Relating to and making unlawful the keeping of places where intoxicating liquors are sold; the sale of intoxicating liquors, the storing, providing and having intoxicating liquors to be sold, or at all, except in certain cases, in the Town of Selma, County of Fresno, State of California, and within the corporate limits of said Town; Providing penalties for breaches thereof and for the recovery of said penalties,'' etc.

A general and special demurrer was sustained to the complaint, without leave to amend, and judgment thereupon en-

tered in favor of defendant. From said judgment this appeal is taken.

The purpose of the ordinance upon which this action is founded is, as is obvious from its title, to suppress the sale of intoxicating liquors of any kind or character within the corporate limits of the town of Selma, except in cases where the same may be used at private residences or required for "medicinal, mechanical or scientific" purposes.

Section 4 of said ordinance provides: "From and after the passage, publication and taking effect of this ordinance as hereinbefore provided, it shall be and hereby is declared to be unlawful for any person, firm, corporation, company, club, or association to have, keep, possess, provide or store any spirituous, malt, vinous, mixed, fermented, distilled, alcoholic or intoxicating liquors in the Town of Selma," etc.

Section 6 reads: "Any pharmacist, duly registered as such under the laws of the State of California, and having an established business as a pharmacist or druggist in the Town of Selma, and holding a druggist's permit obtained from the Board of Trustees of said Town of Selma, as hereinafter provided, may *sell* any of the liquors enumerated in the foregoing section of this ordinance for the following purposes only and subject to the provisions, restrictions and limitations hereinafter in this ordinance provided"; and thence follows a specification of the "restrictions and limitations" upon which a pharmacist may dispense intoxicating liquors.

Section 8 provides in detail in what manner a pharmacist or druggist may proceed to obtain a permit to *sell* alcoholic and intoxicating liquors. By this section an application in writing for such permit, sworn to by the applicant, and setting forth certain facts, is required.

Section 12 provides that any person, firm, corporation, club or association who violates any of the provisions of the ordinance, shall be subject to and liable for a penalty in the sum of forty dollars, "which said penalty, together with costs, shall be recoverable in a civil action by the Town of Selma."

Section 14 provides, among other things, that if the judgment in any such action "direct that the defendant therein be arrested, execution may issue against the person of such judgment debtor, after the return of execution against his property unsatisfied in whole or in part, and require the officer to whom the same is directed to arrest such judgment

debtor and commit him to the County Jail of Fresno County until he pay such judgment according to the terms hereof, or be discharged by law.''

It is provided by section 15 that ''every breach of this ordinance or of any of the terms, conditions, provisions, requirements, restrictions or limitations thereof, as the same are hereinbefore established, created, declared, defined and set forth shall, separately, or for each day of its continuance, be deemed to be and be a separate breach thereof. . . . ''

It is alleged by plaintiff that the defendant was, at all the times mentioned in the complaint, a pharmacist and druggist, and that from and including the twentieth day of September, 1905, and on each and every day successively thereafter until and including the twelfth day of December, 1905, in the building in which he conducted his business as pharmacist and druggist, within the corporate limits of plaintiff, and without any legal license or permit to do so, ''have, keep and store intoxicating liquors, and thereby became and is indebted to and liable to pay to plaintiff the sum of $40 for each and every of said unlawful acts, in having, keeping and storing intoxicating liquors, as aforesaid, for the days aforesaid, and for each and every of said days, amounting to the total sum of $3,660.''

The complaint was, obviously, drafted under the provisions of section 4 of the ordinance, which, as seen, makes it unlawful for any person, firm, association, etc., ''to have, keep, possess, or store any spirituous, malt, vinous, mixed, fermented, distilled, alcoholic or intoxicating liquors in the Town of Selma.'' Under said section, it will be observed, the mere having, keeping, possessing or storing such liquors, without reference to the disposition which may be made of them by the keeper or possessor, is made unlawful.

The language of the section is quite sweeping, and even those having the lawful right to keep and store such liquors— for instance, manufacturers thereof—might be said to come within the purview of the prohibition but for the fact that it may clearly be gathered from the provisions of the ordinance and from the general purpose the measure is manifestly designed to accomplish, that section 4 of the ordinance has reference and application only to such persons, associations, etc., as might violate its provisions with a view of engaging

in the retail traffic in the liquors mentioned in said ordinance. We are of the opinion, however, that the complaint does not state a cause of action against the defendant, even under the theory upon which the case is argued in the briefs. There is no doubt that the plaintiff has, in the exercise of the power of police, the right and power to suppress the retail sale of alcoholic and intoxicating liquors, as beverages, within its limits. It is not necessary to specifically refer to the many cases affirming this proposition, for it is so well settled and understood as a part of American law that the citation of authorities is not required. And we are further of the opinion that the ordinance here, taken as a whole, is consistent with the provisions of the constitution, and represents only a proper exercise of the power expressly vested by that instrument in the cities, counties, towns and townships of the state. (Const., art. XI, sec. 11.) The case of *Merced County* v. *Helm,* 102 Cal. 161 et seq., [36 Pac. 399], involved an ordinance adopted by the county supervisors, the purpose of which was altogether different from that designed to be achieved by the present ordinance. The ordinance in that case was, unquestionably, as plainly indicated by its provisions, a revenue measure. The action was inaugurated for the purpose of recovering the sum of $3,000, claimed to be a debt due to the county from the defendants by virtue of their having sold intoxicating liquors within the county without having first paid the license tax required by said ordinance "for the quarter commencing March 1, 1903." The supreme court in its analysis of said ordinance and the suit thereunder, says:

"By its very terms the ordinance is a revenue measure, and this suit is simply a civil action to recover a liability alleged to have been incurred by the defendants by virtue of the provisions of the ordinance; and the collection of a tax does not come within the exercise of police power as a prohibitory measure. That power is exercised in the enforcement of a penalty prescribed for a noncompliance with the law, or for the doing of some prohibited act. (*San Luis Obispo County* v. *Hendricks,* 71 Cal. 245, [11 Pac. 682].) As the county has chosen by this ordinance to require a license tax for engaging in certain kinds of business, and that this tax shall be collected by a suit, and has fixed no penalty for engaging in the business, the ordinance is not to be regarded as the

exercise of its police power, but rather as its desire to regulate the business and derive a revenue therefrom.''

Upon the slightest reflection it is at once apparent that the ordinance involved here is not a revenue measure, but is the result, as we have declared, of the exercise of the police power. Its object is, in other words, to entirely suppress the retail sale of intoxicating liquors, to be used as beverages, within the corporate limits of Selma, and for the violation of its provisions a certain penalty is attached. The suit in the Merced case was for an alleged debt, in an action *indebitatus assumpsit* in form. Here the action is to enforce the payment of a penalty for noncompliance with the terms of the ordinance. But, as before stated, we nevertheless think the general demurrer was properly sustained, even if it could be held that the provision as to the keeping, possessing and storing of alcoholic and intoxicating liquors applies to regularly registered druggists and pharmacists. The complaint charges the defendant with having, keeping, possessing and storing the contraband liquors, ''without any legal license or permit so to do.'' Section 6 of said ordinance provides, as observed, that certain pharmacists or druggists may *sell* the interdicted liquors upon and under certain specified conditions, limitations and restrictions, among which is, as a prerequisite to so engaging in such sale, the procuring of a permit from the board of trustees of plaintiff. We think that, in order to have stated a cause of action against the defendant, the complaint should contain a direct averment that he *sold,* or was engaged in the business of *selling,* such liquors contrary to the provisions of the ordinance or without having first obtained the permit so to do from the governing body of plaintiff. It does not necessarily follow from the averment that he has and possesses and stores such liquors that he is selling or intends to sell them. There is no permit required for the mere keeping and storing the liquors. In fact, such a permit would be inconsistent, except in the case of those expressly excepted from the operation of the ordinance, with the provisions and the general purpose thereof. But necessarily the defendant, as a pharmacist within the description of the ordinance, would be entitled to keep, possess and store the prohibited liquors. The very fact that the ordinance declares that he may *sell* such liquors invests him, *ex necessitate,* with the indispensable right to have and possess the same. His

offense, if any at all, would be in dispensing or selling the same contrary to the conditions imposed by the ordinance or without the required permit, or for both reasons, assuming for the present that a permit to *sell* such liquors by a pharmacist or druggist may be required. This is neither an ultra-technical nor a metaphysical analysis of the complaint, for the very first and cardinal rules of pleading demand that the averments of the gist or gravamen of a complaint shall be clear and direct. Particularly should this be true where, as here, the recovery sought is upon a liability in the nature of a penalty or forfeiture, the right to sue for which is purely of statutory origin. The complaint here, in undertaking to state a case against the defendant under the ordinance under consideration, is obviously lacking in those elements of good pleading. In our opinion, as observed, it states nothing that the defendant has not the right to do even under the terms of the ordinance, and, therefore, cannot resist the force of the general demurrer. But, as already intimated, we do not hesitate to take a step farther.

We are familiar with no principle of law from which authority may be deduced for prohibiting a pharmacist or druggist, regularly engaged in the business of compounding prescriptions and selling drugs, from having and possessing and selling intoxicating liquors for the legitimate purposes of his business, and from storing or keeping in stock such quantities of the same as the exigencies of his trade may require. It is, we think, a matter of common knowledge, as much so as are the uses to which quinine is medicinally put, that many, if not all, of the liquors mentioned in this ordinance are often deemed to be necessary to be used for medicinal purposes. Of course, as in the case of certain poisons ordinarily sold at drug stores, the sale of liquors for medicinal purposes by pharmacists or druggists may be, by the public authorities, confined to such purposes and otherwise subjected to proper and reasonable regulation, or to the imposition of such conditions and restrictions as will safeguard, protect and preserve the rights of the public. It is well known that the fundamental property of nearly all bitters, a legitimate subject of traffic by all druggists, is alcohol, and that the excessive use of them by an individual will produce intoxication. And there is no doubt that many prescriptions contain as an essential element, according to the judgment of physicians, some

character of intoxicating liquors, and no doubt there are cases of physical illness which require liquor of some kind in its unmixed and unadulterated form. The medical doctor's prescription for *spiritus frumenti* (whisky) or *aqua vitae* (brandy), when given for a legitimate medicinal purpose, is not uncommon, and certainly cannot be unlawful *per se.* And surely it could make no difference whether the whisky or the brandy were dispensed by the pharmacist and used by the purchaser, in *Latin* or in plain *English,* if the purpose of such sale and use were purely medicinal. The sale of opiates and other more drastic poisons, by regularly licensed druggists is hedged about by restrictions which, as a protection to the public, the law has an unchallengable right to impose, but it has never been supposed for an instant that the sale of such "drugs" could be entirely prevented, any more than that the sale of the thousands of different kinds of specifics and patent medicines and nostrums could be stopped, where it could not be established that even when used for the particular medicinal purpose which it is claimed and advertised they will subserve, they would produce positive harm to such as might so use them.

The legislature may and does (Pen. Code, sec. 307) prohibit the sale of opium for certain designated purposes and under certain indicated circumstances; but it would not be contended that that narcotic may not be kept and sold by a druggist as one of the essential elements of his business, for it is, as we know, as a matter of common knowledge, a substance necessary to be used in the compounding by a pharmacist of medicines and prescriptions. So as to liquors. It is known, as before observed, that they are frequently found necessary to be used in the compounding of physician's prescriptions, and often found absolutely necessary in cases where the particular disease to be treated peculiarly affects the heart action. Liquors, therefore, when kept for medicinal purposes, come as clearly within the generic term "drugs" as any other animal, vegetable, or mineral substance comprising the elements of which medicines and prescriptions are ordinarily compounded.

Our conclusion is, as must be obvious from the foregoing views, that a druggist or pharmacist, engaged legitimately in that business, has the right, without express authority of law, to have, keep, possess and store certain of the liquors

mentioned in the ordinance under review, as a part of the necessary "drugs" or stock in trade of his business, to be sold by him, subject to the conditions, limitations and restrictions prescribed by said ordinance, for medicinal purposes; that the defendant can, therefore, be subjected to the penalty or penalties therein prescribed only where it may be shown that he has dispensed or is dispensing such liquors in violation of said conditions, restrictions and limitations.

We do not deem it necessary, in view of the conclusion here reached, to notice the point raised by the special demurrer that several causes of action have been improperly united.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1908.