L. M. RUSSELL, Plaintiff, v. D. M. ANDERSON, Judge.

**Certiorari:** CONTEMPT: REVIEW OF EVIDENCE. *Certiorari* is not primarily for the purpose of reviewing the rulings of the trial judge, but is to determine whether the court acted without authority in making the order complained of; so that if there is competent evidence to support a judgment for contempt the order will be sustained regardless of the admission of other incompetent evidence. In contempt proceedings to punish defendant for selling or keeping for sale intoxicating liquors in violation of law, the evidence is reviewed and held sufficient to support conviction.

*Certiorari from Davis District Court.*

THURSDAY, MARCH 11, 1909.

THIS is an original proceeding by certiorari to review the action of defendant, as judge of the District Court of Davis County, in adjudging the plaintiff guilty of contempt in violating a decree secured in a proceeding by injunction to restrain him from selling or keeping for sale any intoxicating liquors in violation of law within that judicial district, the charge in the proceeding for contempt being that he had illegally kept and sold intoxicating liquors in his place of business in the city of Bloomfield. After hearing the evidence, the court found defendant guilty of the contempt charged, and imposed upon him a fine of $300 and costs. Writ *discharged.*

*Jacques & Jacques,* for plaintiff.

No appearance for appellee.

McCLAIN, J.—The record shows that the defendant

in the contempt proceeding (plaintiff here) was engaged in conducting a restaurant or eating house in the city of Bloomfield, and that on searching his place under a warrant the officers of the law found a case of beer under the counter and from forty to sixty bottles of the same beverage in the ice chest. Evidence was received over the defendant's objection tending to show that the place had a bad reputation as to the sale of intoxicating liquors there as a beverage, and of this the defendant complains as constituting error.

We are not called upon in the present case to pass upon the admissibility of the evidence. The proceeding before us is not one primarily to review rulings of the defendant as judge. If there is other sufficient evidence to support the action of the court, it should be sustained, regardless of any error in the receipt of the evidence of reputation. The proceeding by certiorari has for its object an investigation of the question whether the court acted without jurisdiction in making the order or ruling complained of. Code, section 4154; *United States Standard Voting Machine Co. v. Hobson,* 132 Iowa, 38. In contempt proceedings, no appeal from the order of the court is allowed, but the revision provided for is by certiorari. Code, section 4468. As the proceeding is quasi criminal, a conviction should not be sustained unless the proof of guilt is clear and satisfactory. *Wells v. Given,* 126 Iowa, 340. But if there is clear and satisfactory evidence, the action of the trial court should not be set aside merely because some evidence has been erroneously received. *Drady v. District Court,* 126 Iowa, 345, 353; *Harlan v. Richmond,* 108 Iowa, 161.

Without regard to the evidence as to the reputation of the place, there was an ample showing before the trial judge of the unlawful keeping and sale of intoxicating liquors. One witness testified to having purchased such

liquors, and the showing furnished by the results of the search was practically conclusive. It is true that defendant testified that he had a case of beer for his own use, and that as agent for others he had procured other cases of beer with the direction of the purchasers that the beer so bought for them should be kept on ice for their use as they should require it. It could hardly be necessary, however, to keep forty or fifty bottles on ice for the casual or occasional calls of such pretended owners. A portion of the beer in the ice chest was concealed, and its presence there denied by the defendant until the officers making the search insisted on opening a drawer in the lower part. There was a barrel or more of empty whisky and beer bottles in the place. This evidence we think leaves no doubt that the defendant was keeping intoxicating liquors for unlawful sale, and was selling as he had opportunity, to persons who desired to purchase.

The punishment for contempt was properly imposed; and the writ is therefore *discharged*.