[Long v. Holley, et al.]


## Long v. Holley, *et al.*

*Assumpsit.*

(Decided April 4, 1912.   58 South. 254.).

1. *Bills and Notes; Validity; Partly Illegal Consideration.*—A note is void if a part of the consideration entering into it involves a violation of a penal statute.

2. *Same; Intoxicating Liquors; Consideration.*—A note given for the price of a stock of drugs including about 30 gallons of whisky is not invalidated because the sale occurred in a county where it is unlawful to sell liquor except in a dispensary established according to law.

(Anderson and McClellan, JJ., dissent.)

APPEAL from Henry Circuit Court.

Heard before Hon. WILLIAM L. LEE, Special Judge.

Assumpsit by J. B. Long against J. M. Holley and others.   Judgment for defendants and plaintiff appeals. Reversed and remanded.

RAY RUSHTON, and WILLIAM M. WILLIAMS, for appellant.   The fact that a part of the stock of drugs sold was thirty gallons of whisky, where it was not sold as a beverage, but to be used in the drug business, did not render the notes invalid or void, notwithstanding whisky was not permitted to be sold in Henry county except by dispensary.—*Town of Selma v. Brewer*, 98 Pac. 61; *Donnell v. State*, 2 Ind. 658; *State v. Russell*, 73 S. W. 297; *Nixon v. State*, 76 Ind. 524; *State v. Gregory*, 110 Ia. 625; 10 Tex. App. 418; *Carson v. State*, 69 Ala. 235; *Carl v. State*, 87 Ala. 20.

ESPEY & FARMER, for appellee.   If any part of the entire consideration involves the violation of criminal statutes the whole contract is void.—*Patton v. Gilmore*,

42 Ala. 548; *Winn v. Whisenant,* 47 Ala. 46; *Wadsworth v. Duncan,* 117 Ala. 661.   Where all are blended in one sale the note is entire and indivisible, and upon it there can be no recovery.—Authorities supra, and 45 N. H. 530; 22 Me. 488; 2 Ohio St. 31.

SIMPSON, J.—This is an action by the appellant against the appellees on a promissory note for $3,079.

The defendants filed pleas, alleging that the consideration of the note was the sale of a stock of drugs, and that, included in said stock of drugs, were about 30 gallons of whisky, worth about $100; that the sale of whisky is prohibited by law in Henry county, at the place where such stock of drugs was sold.   The replication admits the facts as stated, but states that plaintiff was a regular druggist and practicing physician, engaged in the drug business; that said whisky was kept only as a part of the drug business only for use in compounding medicines and filling prescriptions, was not used for any other purpose, and that no more was kept than was necessary for that purpose in connection with said stock of goods; also that the note was for the sale of the entire business.

The only question discussed is whether or not the fact that said whisky formed a part of the consideration of said note rendered the note void and uncollectible.

It is not controverted that, if a part of the consideration of a note involves the violation of a penal statute, no recovery can be had on said note.—*Cotten v. McKenzie,* 57 Miss. 418; *Widoe v. Webb,* 20 Ohio St. 431, 5 Am. Rep. 664; *Derring v. Chapman,* 22 Me. 488, 39 Am. Dec. 592; *Wadsworth v. Dunnam,* 117 Ala. 661, 23 South. 699; *Patton v. Gilmer,* 42 Ala. 548, 94 Am. Dec. 665; *Wynne v. Whisenant,* 37 Ala. 46.

So the question recurs: Is the note void by reason of the fact that a small part of the consideration is for liquors, constituting a part of the general stock of drugs?

By act of February 25, 1903 (Local Acts 1903, p. 87), a dispensary for the sale of spirituous liquors was established at Abbeville, in Henry county. Said act contains no prohibition of the sale of spirituous liquors in said town or county; but, on the contrary, the act of December 10, 1890, prohibiting such sale within six miles of the Southeast Alabama Agricultural School, is repealed, so far as the same relates to the town of Abbeville.— Section 16, p. 92. However, the general act of October 1, 1903, provides "that it shall be unlawful for any person to sell, barter or exchange spirituous, vinous or malt liquors, or intoxicating drinks, within the limits of any place where a dispensary is in operation, except at such dispensary and as provided by the act under which the same is operated," and fixes the penalty for the same.— Gen. Acts 1903, pp. 373, 374.

Some courts have gone so far as to hold that, although there be no exception in favor of liquor sold for medicinal or mechanical purposes in a prohibition statute, yet the law implies such an exception, and that a druggist selling whisky itself, on the statement of the party that it is for medicinal or mechanical purposes, cannot be subjected to the penalties of the law (*Nixon v. State*, 76 Ind. 524; *Donnell's Case*, 2 Ind. 658; *State v. Hoagland*, 77 Iowa, 135, 41 N. W. 595); but, without reciting other cases, it is sufficient to say that this court does not follow that line of decisions.—*Carson v. State*, 69 Ala. 236, 241; *Carl v. State*, 89 Ala. 93, 97, 8 South. 156.

In the *Carson Case*, 69 Ala. 241, just cited, this court said: "We are not to be supposed as intimating that physicians or druggists would be prohibited, under such

[Long v. Holley, et al.]

a statute as the one in question, from the bona fide use of spirituous liquors in the necessary compounding of medicines manufactured, mixed, or sold by them. This would not be within the evils intended to be remedied by such prohibitory enactments, nor even within the strict letter of the statute." And in the *Carl Case,* 89 Ala. 98, 99, 8 South. 157, this court said: "We do not mean to have it understood, however, that a preparation is considered intoxicating, in the estimation of the statute, because it may intoxicate, if used in unreasonable quantities. * * * The mixture does not fall under the ban of the statute, because spirituous liquor is present. The true inquiry is whether the liquor used is necessary to extract and preserve the medicinal properties of the other ingredients; * * * whether it is, in reality, a medicine." In other words, is it a legitimate medical compound, or a sham, to evade the law?—Joyce on Intoxicating Liquors, pp. 49, 52, 53, §§ 40, 42.

In a case before the Court of Appeals, in California, under a law prohibiting not only the sale of intoxicating liquors, but also the having, keeping, or storing of the same, the court says: "We are familiar with no principle of law from which authority may be deduced for prohibiting a pharmacist or druggist, regularly engaged in the business of compounding prescriptions and selling drugs, from having and possessing and selling intoxicating liquors for the legitimate purposes of his business, and from storing or keeping in stock such quantities of the same as the agencies of his trade may require." And, after discussing and illustrating the matter at some length, the court says: "Liquors, therefore, when kept for medicinal purposes, come as clearly within the general term 'drugs' as any other animal, vegetable, or mineral substance comprising the elements of which medicines and prescriptions are ordinarily com-

pounded" and concludes that "a druggist or pharmacist, engaged legitimately in that business, has the right, without express authority of law, to have, keep, possess, and store certain of the liquors, mentioned, in the ordinance under review, as a part of the necessary 'drugs' or stock in trade of his business, to be sold by him, subject to the conditions, limitations, and restrictions prescribed by said ordinance, for medical purposes."— *Town of Selma v. Bremer*, 9 Cal. App. 70, 76, 98 Pac. 61, 63, 64.

Mr. Endlich, in his excellent work on the Interpretation of Statutes, says that it is an elementary rule "that a thing which is within the letter of the statute is not within the statute, unless it be also within the meaning of the Legislature;" and in illustration he says: "If a literal meaning had been given to the laws which forbade a layman to lay hands on a priest, and punished all who drew blood in the street, the layman who wounded a priest with a weapon would not have fallen within the prohibition, and the surgeon who bled a person in the street to save his life would have been liable to punishment"—and gives other pertinent illustrations; then, referring to Lord Coke's rules that the literal construction has but a prima facie preference, so that to get a broad general view of the act "it is necessary to consider, first, what was the law before the act; second, what was the mischief or defect for which the law had not provided; third, what remedy the Legislature had appointed; and, fourth, the reason of the remedy."—Endlich on Interpretation of Statutes, pp. 33-35, §§ 25, 26.

It is on these principles that we find the courts deciding that neither an administrator, in selling spirituous liquors belonging to the estate of his intestate, nor a sheriff, selling under execution, nor an assignee, selling in insolvent proceedings, is required to take out license

[Long v. Holley, et al.]

to sell, though a literal interpretation of the law would require it.—*Williams v. Troop, Adm'r,* 17 Wis. 464, 474; *State v. Johnson,* 33 N. H. 441, 452; 1 Woolen & Thornton on the Law of Intoxicating Liquors, § 361, p. 552.

As said by SOMERVILLE, J., in the case of *Carl v. State,* 87 Ala. 20, 6 South. 118, 4 L. R. A. 380: "The evil to be remedied is the use of intoxicating liquors as a beverage, rather than as an ingredient of medicines and articles of toilet, or for culinary purposes; and the object of the law in this particular must not be lost sight of in its interpretation."

In the present case, it cannot be doubted that a druggist, in the legitimate pursuit of his business, had a right to purchase from the dispensary such liquors as were needed in compounding medicines, to keep them as a part of his stock of drugs, and, when so compounded in good faith, he could sell them without liability. It necessarily follows that, if so having them, he desires to sell out his entire business to another, he might do so, without violating the law; and the mere fact that such liquors were a part of the stock of goods for which the note was given did not render the note illegal and void.

The case of *Kidder v. Blake,* 45 N. H. 530, cited by counsel, is not contrary to what we have said. That was not a sale by a druggist, but by a firm which was selling intoxicating liquors in violation of law. The rulings of the court were not in accordance with the principles herein declared.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.

33—177

McCLELLAN, J.—(dissenting.)—The only question argued for appellant is accurately stated in the majority opinion.

Under the local act (Local Acts 1903, p. 87 et seq.), establishing the dispensary at Abbeville, and the general act, approved October 1, 1903 (Gen. Acts 1903, pp. 373, 374), a sale of *whisky* (a spirituous liquor) in Abbeville, when the sale of the drug stock in question was made, otherwise than through the dispensary so established, was a penal offense.

The question presented by the rulings upon the demurrers to the plaintiff's replications was plainly decided in *Carson's Case,* 69 Ala. 235, and in *Carl's Case,* 89 Ala. 93, 8 South. 156. It was there held that this *court* would not ingraft upon the statute an *exception* which the *lawmakers* had not included therein. To sustain the replications assailed by the demurrer is to do that which, in those cases, it was expressly held would not be done; for there is no pretense of an *exception,* in the acts mentioned, within which the case made by the pleadings could possibly fall.

If the *vendor* had been seasonably indicted for a violation of the cited acts in the sale of the whisky mentioned in the pleadings, and the evidence had shown what is asserted by the replications, answering the pleas, it is clear that the court would have been entirely justified in giving the affirmative charge for the prosecution (*Parrish's Case,* 139 Ala. 16, 51, 36 South. 1012; *Taylor v. State,* 121 Ala. 24, 25 South. 689), and so upon the apt authority of the *Carson* and *Carl Cases.* That *whisky* is a spirituous liquor is a matter of common knowledge of which the courts take judicial notice.— *Freiberg's Case,* 94 Ala. 91, 10 South. 703. And such liquors are particularly prohibited in the acts mentioned. The *Carson* and *Carl Cases* were decided, re-

[Long v. Holley, et al.]

spectively, upwards of 30 and 20 years ago. Their soundness has not been doubted. The former treats the question exhaustively. The reason and authorities supporting the ruling were found to be clear, numerous, and conclusive. In the latter case, the doctrine was expressly reaffirmed.

In view of these considerations, I can see no justification for a resort to the decisions of other jurisdictions. However, the generally accepted view of the matter is as this court held in the *Carson* and *Carl cases.*—1 Woollen & Thornton on Intox. Liquors, § 501 et seq.; Joyce on Intox. Liquors, § 202.

If the effort is to distinguish these cases from that at bar by reference to the fact that the seller here sold *all* his drug stock, *along with thirty gallons of whisky,* it is too evident for doubt that the effort would be vain. A dry goods stock would have been just as ineffective to avoid the inhibition of the statutes. If the *whisky* had been *compounded,* so as to change its character into a *medicine,* a *drug,* the quotation, in the majority opinion, from *Carson's Case* would have application; but, since the *whisky* was *not so compounded,* it remained subject to the inhibition of the statutes. Like considerations demonstrate the inapplication to this case of the quotation also made by my Brothers from *Carl's Case.*

Severe as may appear, at times, the effect of the unwavering declaration and application of the law, wisdom and experience, if consulted, leave no alternative but to hew to the line.

ANDERSON, J., concurs in the above dissent.