## MASSEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 8, 1922.)

No. 5896.

1. **Intoxicating liquors ⬅13—Under Eighteenth Amendment Congress has power to make possession unlawful.**

Under Const. Amend. 18, prohibiting the manufacture, sale, and transportation, but not the possession, of intoxicating liquor, section 2 of which gives Congress power to enforce the amendment by appropriate legislation, the provision of the National Prohibition Act making the possession of intoxicating liquor unlawful was reasonably proper to enforce the prohibition against the manufacture and sale of such liquor, so as to be within the power of Congress, even though the statute may embrace some instances in which possession is not the result of unlawful manufacture, sale, or transportation.

2. **Constitutional law ⬅70(3)—Appropriateness of legislation enforcing Eighteenth Amendment is question for Congress.**

The appropriateness of the legislation to be enacted to enforce the Eighteenth Amendment is for Congress to select, and such legislation cannot be held invalid, unless it has no substantial relation to the enforcement of the amendment.

3. **Intoxicating liquors ⬅222—Indictment need not negative conditions making possession lawful.**

An indictment for violating National Prohibition Act, tit. 2, § 3, making it unlawful for any person to possess intoxicating liquor, except as authorized by the act, need not negative the purposes for which accused might have possessed the liquor, in view of section 32 of title 2 of that act, which provides it shall not be necessary to include any defensive negative averments, but it shall be sufficient to state that the act complained of was prohibited and unlawful.

4. **Intoxicating liquors ⬅216—Indictment charging possession of intoxicating liquors is sufficient, without specifying kind of liquor.**

An indictment for the unlawful possession of intoxicating liquor contrary to the National Prohibition Act need not specify the particular kind of liquor possessed by accused; but a description of it as intoxicating liquor is sufficient in view of title 2, § 1, of the act, defining the term "intoxicating liquor."

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Indictment and Information** ⊚⇒132(7)—**Possession and transportation of liquor are different offenses, and election between counts is unnecessary.**

Under the National Prohibition Act, the offense of unlawful possession of intoxicating liquor is a distinct offense from that of transportation of such liquor, so that the district attorney cannot be compelled to elect as to whether he will rely for conviction on a count of the indictment charging transportation or on that charging unlawful possession.

**6. Criminal law** ⊚⇒1202(3)—**Information charging previous conviction can be read to the jury.**

Under National Prohibition Act, tit. 2, § 29, providing more severe punishments for subsequent offenses than for a first offense, and requiring a previous conviction to be pleaded in the indictment, it was not error to permit the district attorney to read to the jury an indictment containing the allegation that the accused had been previously convicted of a similar offense.

In Error to the District Court of the United States for the Eastern District of Arkansas; John H. Cotteral, Judge.

M. C. Massey was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

M. E. Dunaway, E. L. McHaney, and Murphy, McHaney & Dunaway, all of Little Rock, Ark., for plaintiff in error.

June P. Wooten, U. S. Atty., of Little Rock, Ark., and W. A. Utley, Asst. U. S. Atty., of Benton, Ark.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff in error was found guilty of two violations of the National Prohibition Act and seeks a reversal of the sentence imposed. The first count in the information charged the illegal possession, and the second count charged the illegal transportation, of intoxicating liquor.

[1, 2] The first question presented is the constitutional validity of those portions of the act of Congress which penalize the unlawful possession of intoxicating liquor. The argument of the plaintiff in error is that the Eighteenth Amendment to the United States Constitution limits the power of Congress to the prohibition of the manufacture, sale, transportation, importation, and exportation of intoxicating liquors. However, section 2 of the Amendment confers power on Congress to enforce the amendment by appropriate legislation. The right of Congress to make the possession of intoxicating liquor unlawful, except under the restrictions imposed by the National Prohibition Act (41 Stat. 305), has been sustained in the cases of United States v. Murphy (D. C.) 264 Fed. 842, 844, Rose v. United States (C. C. A.) 274 Fed. 245, 248, and Page v. United States (C. C. A.) 278 Fed. 41, 44, upon the ground that the appropriateness of the legislation to be enacted to enforce the amendment is for Congress to select, that such legislation cannot be stricken down, unless it has no substantial relations to the enforcement of the amendment, that the unrestricted right of possession of such intoxicating liquor affords an opportunity to violate the provisions of the amendment, and hinders the detection of the unlawful traffic in such liquors, and that therefore the restriction of

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

possession bears a substantial relation to the enforcement of the amendment. The prohibition of the possession of designated articles has been generally recognized by legislative bodies as an appropriate or necessary means to prevent an unlawful dealing in such articles, as in the cases of the possession of game (Silz v. Hesterberg, 211 U. S. 31, 40, 29 Sup. Ct. 10, 53 L. Ed. 75), narcotics, burglars' tools, and lottery tickets. Similar prohibitions of the possession of intoxicating liquor have been regarded as appropriate to the control of the liquor traffic in the Indian country (40 Stat. 561, 563; section 4137aa, U. S. Comp. Stats.), in Alaska (39 Stat. 903, 907.; sections 3643b, 3643jj, U. S. Comp. Stats.), and in legislation by the states (Ex parte Crane, 27 Idaho, 671, 151 Pac. 1006, L. R. A. 1918A, 942; Southern Express Co. v. Whittle, 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278; Delaney v. Plunkett, 146 Ga. 547, 91 S. E. 561, L. R. A. 1917D, 926, Ann. Cas. 1917E, 685; State v. Phillips, 109 Miss. 22, 67 South. 651, L. R. A. 1915D, 530; Easley Town Council v. Pegg, 63 S. C. 98, 41 S. E. 18; State v. Clark, 28 N. H. 176, 61 Am. Dec. 611; Town of Selma v. Brewer, 9 Cal. App. 70, 98 Pac. 61).

While neither the purchase nor the possession of intoxicating liquor is expressly mentioned in the Eighteenth Amendment, it is obvious that the penalizing of its purchase and of its possession efficiently limits the amount of the unlawful sales, manufacture, and importation of such liquor, and therefore the provisions of the National Prohibition Act prohibiting the possession of intoxicating liquor have a substantial relation to the enforcement of the Eighteenth Amendment, and are authorized by it as appropriate legislation, under the implied grant of power to select the means of enforcement. McCulloch v. Maryland, 4 Wheat. 316, 421, 4 L. Ed. 579; Prigg v. Pennsylvania, 16 Pet. 539, 618, 10 L. Ed. 1060; Levin v. United States, 128 Fed. 826, 827, 63 C. C. A. 476. The fact that such a statute may embrace some instances where the possession of the intoxicating liquors is not the result of unlawful sale, manufacture, or importation does not thwart the power of Congress to enact a prohibition, the scope of which is regarded as essential in the legislative judgment to accomplish an admitted power. Purity Extract Co. v. Lynch, 226 U. S. 192, 201, 33 Sup. Ct. 44, 57 L. Ed. 184.

[3] A demurrer to the count charging possession of the intoxicating liquor was overruled, and error is assigned to that ruling, on the grounds that is is not sufficient in an information to charge that the liquor is unlawfully possessed, without stating for what purpose it was possessed, and because the information did not state what kind of intoxicating liquor possessed, nor the percentage of alcohol it contained. Section 3 of title 2 of the National Prohibition Act makes it unlawful for any person, after the Eighteenth Amendment became effective, to possess intoxicating liquor, except as authorized by that act, and section 32 of title 2 provides:

"It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed

to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so."

By the terms of this latter section, as against a demurrer, the allegation that the possession was unlawful and prohibited by section 3 of title 2 of the National Prohibition Act was a sufficient statement of the unlawful possession, and it was not necessary to negative the purposes for which the accused might have possessed the liquor. Davis v. United States (C. C. A.) 274 Fed. 928, 929.

[4] By the terms of section 1 of title 2 of the act, the words "intoxicating liquor," as used therein, are to be construed to include any spirituous, vinous, malt, or fermented liquor, liquids or compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum of alcohol by volume, which are fit for use as beverage purposes. The description of the liquor as "intoxicating liquor" follows the terms of the statute (section 3, title 2) for a violation of which the information was filed. It is not necessary to specify the particular kind of liquor possessed by the accused, and a description of it as intoxicating liquor is sufficient. Booth v. United States, 197 Fed. 283, 286, 116 C. C. A. 645; United States v. Gordon, Fed. Cas. No. 15,233; Black on Intox. Liq. § 467; 23 Cyc. 228.

[5] It is urged that the court erred in refusing to require the government to elect to prosecute upon only one count contained in the information, because but one transaction was involved. There was evidence that the defendant transported intoxicating liquor in an automobile, and then carried it into a dwelling house, where he was in possession of it. The National Prohibition Act penalizes the illegal possession, as well as the illegal transportation, of such liquor. Transportation involves elements of carriage or removal from one place to another that are not involved in mere possession. Separate acts, though parts of a continuous transaction may be made separate crimes by the legislative power, as in the case of one who unlawfully breaks and enters a building with intent to steal, and thereupon does steal while in the building. Morgan v. Devine, 237 U. S. 632, 638, 640, 35 Sup. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 630, 35 Sup. Ct. 710, 59 L. Ed. 1151; Morris v. United States, 229 Fed. 516, 521, 143 C. C. A. 584; Morgan v. Sylvester, 231 Fed. 886, 888, 146 C. C. A. 82; Burton v. United States, 202 U. S. 344, 377, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392. The two offenses here involved were distinct, because the evidence to support the charge of possession was not sufficient to support the charge of transportation, without proof of an additional fact. Gavieres v. United States, 220 U. S. 338, 342, 31 Sup. Ct. 421, 55 L. Ed. 489.

[6] At the beginning of the trial the district attorney read the information to the jury. The information contained a charge that the defendant had been previously convicted in the same court of offenses of illegal possession of intoxicating liquor, contrary to the terms of the National Prohibition Act. The defendant objected to the reading to the jury of this portion of the information, and assigns error because this portion was allowed to be read. The basis of objection stated is

that in this way evidence of conviction of one crime was given to prove another, and that the defendant was not given a fair trial on the charge against him. Section 29 of title 2 of the National Prohibition Act provides more severe punishments for subsequent offenses than for first offenses, and then there follows this provision:

"It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

Statutes providing for greater punishment of second or subsequent offenses by the same person have long been in force in this country and in England (Graham v. West Virginia, 224 U. S. 616, 623, 32 Sup. Ct. 583, 56 L. Ed. 917), and are to be found in the legislation of nearly every state in the Union. It is the established rule, under such statutes, unless the statute designates a different mode of procedure, that, if the prosecutor desires to invoke the severer punishment provided as to second or subsequent offenders, the indictment or information must allege the fact of the prior conviction, and the allegation of such conviction must be proved in the trial to the jury. 1 Hale, P. C. 686; Reg. v. Jones, 6 C. & P. 391; Singer v. United States (C. C. A.) 278 Fed. 415, 420; Tuttle v. Com., 2 Gray (Mass.) 505, 506; Garvey v. Com., 8 Gray (Mass.) 382, 383; Commonwealth v. Walker, 163 Mass. 226, 228, 39 N. E. 1014; Walsh v. Commonwealth, 224 Mass. 39, 40, 112 N. E. 486; Johnson v. People of the State of N. Y., 55 N. Y. 512, 514; People v. Sickles, 156 N. Y. 541, 544, 546, 51 N. E. 288; People v. Craig, 195 N. Y. 190, 88 N. E. 38; Maguire v. State, 47 Md. 485, 496; Hall v. State, 121 Md. 577, 89 Atl. 111; Hines v. State, 26 Ga. 614, 616; McWhorter v. State, 118 Ga. 55, 56, 44 S. E. 873; People v. King, 64 Cal. 338, 340, 30 Pac. 1028; People v. Coleman, 145 Cal. 609, 612, 79 Pac. 283; Larney v. City of Cleveland, 34 Ohio St. 599, 600; Blackburn v. State, 50 Ohio St. 428, 436, 36 N. E. 18; Rausch v. Com., 78 Pa. 490, 494; Commonwealth v. Payne, 242 Pa. 394, 399, 89 Atl. 559; Evans v. State, 150 Ind. 651, 653, 50 N. E. 820; State v. Smith, 129 Iowa, 709, 713, 106 N. W. 187, 4 L. R. A. (N. S.) 539, 6 Ann. Cas. 1023; Hoggett v. State, 101 Miss. 272, 273, 57 South. 812; Long v. State, 36 Tex. 6–9; Mitchell v. State, 52 Tex. Cr. R. 37, 39, 106 S. W. 124; Brittian v. State, 85 Tex. Cr. R. 491, 214 S. W. 351; Thompson v. State, 66 Fla. 206, 209, 63 South. 423; State v. Davis, 68 W. Va. 142, 151, 69 S. E. 639, 32 L. R. A. (N. S.) 501, Ann. Cas. 1912A, 996; State v. Savage, 86 W. Va. 655, 657, 104 S. E. 153; Hettle v. State, 144 Ark. 564, 222 S. W. 1066; State v. Compagno, 125 La. 669, 671, 672, 51 South. 681; State v. Reilly, 94 Conn. 698, 703, 110 Atl. 550; State v. Scheminisky, 31 Idaho, 504, 507, 174 Pac. 611; State v. Briggs, 94 Kan. 92, 95, 145 Pac. 866; State v. Findling, 123 Minn. 413, 416, 144 N. W. 142, 49 L. R. A. (N. S.) 449; State v. Reed, 132 Minn. 295, 296, 156 N. W. 127; State v. Manicke, 139 Mo. 545, 548, 41 S. W. 223; Tucker v. State, 14 Okl. Cr. 54, 57, 167 Pac. 637; Wright v. State, 16 Okl. 458, 460, 184 Pac. 158; State v. Newlin, 92 Or. 589, 596, 182 Pac. 133; State v. Dale, 110 Wash. 181, 184, 187, 188 Pac. 473; Paetz v. State, 129 Wis. 174, 177, 107 N. W. 1090, 9 Ann. Cas. 767;

Alsheimer v. State, 165 Wis. 646, 647, 163 N. W. 255; Bandy v. Hehn, 10 Wyo. 167, 174, 67 Pac. 979.

The same rule will be found stated in 1 Bishop, Cr. Law, §§ 961—1 to 963—3; Bishop, Stat. Cr. (3d Ed.) § 981; 1 Bish. Cr. Proc. § 101—2; Bish. Dir. & Forms, § 91; Wharton, Cr. Pl. & Pr. (10th Ed.) § 1877; 16 Corpus Juris. 1342, 1343; 22 Cyc. 356; note, 24 L. R. A. (N. S.) 436. The statement of a prior conviction is regarded as a part of the description and character of the offense intended to be punished, and as an essential ingredient of such aggravated offense. The accused is entitled to have the exact charge against him stated in the indictment or information, and to have the verdict of the jury upon the fact of a prior conviction for the same offense, and of his identity with the person so convicted, and it is the duty of the government which prosecutes to allege and prove the existence of the prior conviction of the accused as a fact that may cause a severer penalty to be imposed. The allegation and proof of the prior conviction does not prove a different crime from the one charged in the indictment or information on trial, and does not impair the right of trial by jury (McDonald v. Massachusetts, 180 U. S. 311, 313, 21 Sup. Ct. 389, 45 L. Ed. 542; State v. Le Pitre, 54 Wash. 166, 168, 103 Pac. 27, 18 Ann. Cas. 922; People v. Sickles, supra; Maguire v. State, supra; Rand v. Com., 9 Grat. [Va.] 738, 743); and hence there was no error in allowing the information to be read to the jury at the beginning of the trial.

It is claimed that the evidence was not sufficient to support a verdict of guilty. The question was in no manner presented to the court at the close of the evidence, and an examination of the testimony shows it to have been sufficient to require a verdict of the jury upon the facts. The judgment will be affirmed.